STATE OF MARYLAND, *ex rel.* JOHN C. HOLLAND, and others *vs.* THE COUNTY COMMISSIONERS OF BALTIMORE COUNTY.

*Mandamus—Case where a mandamus was refused because the parties had a full and adequate remedy by appeal.*

By the Act of 1876, ch. 101, certain persons therein named were appointed a board of examiners, and empowered to make assessments upon owners of land lying on or near Wilkins avenue, for the purpose of constructing and completing said avenue. The commissioners were directed to make a report of their proceedings to the Commissioners of Baltimore County, for their ratification, amendment or rejection; and the Act further provides, that any person interested in the proceedings *might appeal* from the final order of ratification or rejection of the report of the examiners to *the Circuit Court for Baltimore County.* The examiners having made the assessments according to the provisions of the Act reported the same to the commissioners, and the latter being of the opinion that the Act of 1876, was unconstitutional, rejected the report, and passed an order quashing all the proceedings thereunder. HELD:

That a *mandamus* would not lie to compel the commissioners to carry out the provisions of the Act of 1876, as by the express terms of that Act the parties had *a full and adequate remedy by an appeal* to the Circuit Court for Baltimore County.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Fielder C. Slingluff*, for the appellant.

*John T. Ensor* and *Bernard Carter*, for the appellees.

ROBINSON, J., delivered the opinion of Court.

By the Act of 1876, chap. 101, certain persons therein named were appointed a board of examiners, and empowered to make assessments upon owners of land lying on or near *Wilkins* Avenue, for the purpose of constructing and completing said avenue.

The examiners were directed to make a report of their proceedings to the Commissioners of Baltimore County, for their ratification, amendment or rejection, and the Act further provided that any person interested in the proceedings *might appeal* from the final order of ratification or rejection of the report of the examiners, to *the Circuit Court for Baltimore County.*

The examiner having made the assessments according to the provisions of the Act, reported the same to the commissioners, and the latter being of opinion that the Act of 1876, was unconstitutional, rejected the report and passed an order quashing all the proceedings thereunder.

Thereupon the appellants applied to the Circuit Court for Baltimore County for a writ of mandamus, to compel the commissioners to carry out the provisions of the Act of 1876, and this appeal is taken from a *pro forma* order of the Court refusing to grant the writ as prayed.

From this statement of facts, it is quite clear, the appellants are not entitled to the writ of mandamus, because by the express terms of the Act, they have *a full and adequate remedy by an appeal* to the Circuit Court for Baltimore County. This is not a case in which the commissioners have refused to perform an act commanded by law, for the contrary power was expressly vested in them either to ratify or reject the report of the examiners, and to all persons aggrieved thereby an appeal was provided to the Circuit Court of the county.

Entertaining these views the appeal must be dismissed.

*Appeal dismissed.*

(Decided 13th June, 1877.)