[Decided 28th February, 1879.]

PATRICK O'BRIAN and THOMAS HARDEN, trading as P. O'BRIAN & Co. *vs.* THE COUNTY COMMISSIONERS OF BALTIMORE COUNTY.

*Constitutionality of the Act of 1876, ch. 101, relating to Wilkens' Avenue, in Baltimore County—Jurisdiction of County Commissioners and of a Circuit Court on Appeal from County Commissioners—Construction of sec. 33 of Art. 3 of the Constitution of 1867—Curative and Special Acts— Retrospective Acts—Power of the Legislature to Ratify a contract made by a Municipal Corporation—Writ of Mandamus against County Commissioners to enforce the provisions of the Act of 1876, ch. 101.*

County Commissioners have no jurisdiction or power to decide as to the constitutionality of an Act of Assembly. The power to declare

an Act of Assembly unconstitutional and void can be exercised by a regularly constituted judicial tribunal only. County Commissioners are a body clothed with a limited and special jurisdiction deriving their authority from statute only, and charged with the execution of the powers which the statute confers upon them. The Circuit Court of the county, sitting and hearing an appeal from the decision of the County Commissioners, does not act in the exercise of its common law jurisdiction, but in the exercise of the jurisdiction and powers prescribed and limited by the statute, and its decision that an Act of Assembly is unconstitutional and void cannot conclude the question.

The Act of 1876, ch. 101, entitled, an Act to provide for the completion of Wilkens' avenue, in Baltimore County, as begun and partially completed under the Act of 1870, ch. 309, was a curative law required by the exigencies of the particular case, and as the purposes of the Act could not be accomplished under any existing General Law, its enactment was not within the prohibition contained in sec. 33 of Art. 3 of the Constitution, which declares that "the General Assembly shall pass no special law for any case, for which provision has been made by an existing General Law."

The first section of the Act of 1876, ch. 101, declares, that Wilkens' avenue is a public road, and ratifies and confirms the acts of the County Commissioners of Baltimore County, done in connection therewith, declaring them to be valid. HELD:

That it was competent for the Legislature to do this. Such retrospective laws, when they do not interfere with, or disturb vested rights are not repugnant to the Constitution.

The principle that the Legislature may render valid a contract made by a municipal corporation though *ultra vires* at the time it was made, if the contract is one which the Legislature might originally have authorized, applies with peculiar force to the case of a contract relating to a work in which the public is interested and for the public benefit after it has been executed.

It was a constitutional exercise of power by the Legislature to appoint a board of examiners and assessors for the purpose of laying out Wilkens' avenue, under the second section of the Act of 1876, ch. 101, defining its limits, and making assessments for its completion.

The appellees could be required by writ of *mandamus*, in a proper case, to carry out the provisions of the Act of 1876, ch. 101.

O'Brian & Co. *vs.* County Comm'rs of Balto. Co.

APPEAL from the Baltimore City Court.

In this case, removed from the Circuit Court for Baltimore County, on the suggestion and affidavit of the plaintiffs, in addition to the statement thereof contained in the opinion of the Court, the following is inserted as the contract therein referred to:

This agreement, made this 21st day of September, A. D. 1875, between D. J. McCauley, Edward Rider and Benjamin F. Jordan, County Commissioners of Baltimore County, and P. O'Brian & Co., contractors for building Wilkens' avenue:

Whereas, the Court of Appeals of Maryland in a late decision in the case of *Wade, et al. vs. The St. Mary's Industrial School,* have decided that the said O'Brian & Co. cannot proceed to finish Wilkens' avenue under their contract with the County Commissioners, and that said Commissioners cannot collect the balance of the assessment due for said avenue:

And whereas, said avenue has been nearly completed between the Maiden's Choice road, where the Potomac Railroad crosses the same, and the Rolling road, and a large sum of money has been expended by the property owners in that part of the county for the same, and it is considered advisable in the public interest, that said avenue should be finished between the points above named.

This agreement witnesseth, that William H. Shipley, Esq., County Surveyor, shall make an estimate of the amount required to finish said road between the points above named, and the said County Commissioners agree to pay the said O'Brian & Co. the contract price per cubic yard for finishing the same, and the said O'Brian & Co., hereby agree to finish the said avenue between the points above named, upon payment to them in monthly installments of said estimate of W. H. Shipley.

D. J. McCAULEY.                    BENJAMIN F. JORDAN,
EDWARD RIDER,        *County Comm'rs of Baltimore County.*
                    PATRICK O'BRIAN & Co.

18

MARYLAND REPORTS.

O'Brian & Co. *vs.* County Comm'rs of Balto. Co.

The cause was submitted to BARTOL, C. J., BRENT, GRASON, MILLER and ALVEY, J.

*Fielder C. Slingluff*, for the appellants.

*L. P. D. Newman* and *John T. Ensor*, for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellants to recover the sum of $3002.13 for work done on "Wilkens' avenue," under a contract made with the appellees on the 21st day of September, 1875.

The plaintiffs, after proving the contract, (p. 17, *ante*) their employment under it, and that they did the work in accordance therewith, and the value and amount thereof; produced the Act of 1876, ch. 101, for the purpose of showing that "Wilkens' avenue" was a public road of Baltimore County; but the defendants objected to the introduction of the Act; "*first*, because the same was unconstitutional; and *secondly*, because the Act having been declared unconstitutional by the Circuit Court for Baltimore County on an appeal of P. O'Brian & Co. (the plaintiffs) to said Court, from an order of the County Commissioners declaring said Act unconstitutional, the question could not be inquired into in this case, and that the said decision of the Circuit Court for Baltimore County was final as to the unconstitutionality of the Act of 1876, so far as the *plaintiffs* were concerned." In support of the *second* objection, certain proceedings before the County Commissioners, and before the Circuit Court on appeal, were offered by the defendants, in which the Act of 1876 had been decided to be unconstitutional. Whereupon the objection was sustained, and the City Court refused to permit the Act of 1876 to be given in evidence. This ruling forms the subject of the *first bill of exceptions.*

The plaintiffs then, to establish the fact that "Wilkens' avenue" was a public road of Baltimore County, offered

the record of proceedings for the opening of said avenue, under the provisions of the *Act of* 1870, *ch.* 309, which are set out in this bill of exceptions; but the City Court de-cided that these proceedings were not sufficient to show that Wilkens' avenue had been made a public road, inas-much as the appeal of "St. Mary's Industrial School" was then still pending, and that the contract made by the defendants with the plaintiffs, set forth in the first bill of exceptions, which is made a part of this bill of exceptions, was *ultra vires;* and refused to admit said record in evi-dence for the purpose stated; to this ruling the plaintiffs excepted.

In order to understand the questions raised by these bills of exception, it is necessary to refer to the proceed-ings relating to the opening and condemning of Wilkens' avenue, as they are disclosed in the record.  These are succinctly and correctly stated in the appellants' brief as follows:

"In June, 1872, certain land owners residing in the First and Thirteenth Districts of Baltimore County, filed a petition under the *Act of* 1870, *ch.* 309, the then existing road law of Baltimore County, asking for the opening of 'Wilkens' avenue' from Gwynn's Falls near the city limits, to the Rolling road, a distance of about $3\frac{1}{2}$ miles. This petition took its proper course under the Act of 1870, and on the 14th day of May, 1873, the proceedings were finally ratified and confirmed by the County Commis-sioners, and Wilkens' avenue was declared to be a public road of Baltimore County.  No appeal from this order of ratification was taken, as provided by law, by any of the parties in interest, and a contract for the construction of the avenue was duly made with the appellants."

" They proceeded to construct the avenue, and completed about two-thirds of it, at a cost of some $30,000 or $40,000, and the County built a large and expensive bridge over Gwynn's Falls."

On the 26th day of August, 1873, more than three months after the proceedings had been ratified, the County Commissioners passed the following order :

" The County Commissioners of Baltimore County, having on the 14th day of May, 1873, adjudged, determined and ordered, that the proceedings of the Road Supervisors of the First and Thirteenth Districts, acting as a Joint Board on the matter of the petition for the opening of Wilkens' avenue, *be and the same are finally ratified and confirmed, and that the said road be, and the same is hereby declared to be a public road, to be kept in order, as all public roads in said County are by law directed to be kept ;* and whereas said order was passed with the understanding that the objections filed by ' St. Mary's Industrial School for Boys in Baltimore City ' would be amicably settled ; and whereas it appears that the said order was passed inadvertently, and by mistake and under misapprehension, so far as ' St. Mary's Industrial School for Boys ' was concerned. Now it is this 26th day of August, 1873, adjudged, ordered and determined, that said order, dated the 14th day of May, 1873, be and the same is hereby rescinded and repealed, so far as St. Mary's Industrial School for Boys is concerned, and that a warrant issued to the Sheriff of Baltimore County, directing him to summon a jury of twenty disinterested freeholders, to meet on the premises of said ' St. Mary's Industrial School for Boys,' to consider the award or judgment of said Supervisors above named ; and it is further adjudged, determined and ordered that the proceedings of said Road Supervisors above named, be and the same are hereby finally ratified and confirmed in every other respect, and they remain hereby finally ratified and confirmed."

*Signed by the Commissioners.*

Before the jury assembled, the "St. Mary's Industrial School " filed their bill praying for an injunction to restrain the construction of the avenue through their premises.

This injunction case was tried in this Court. *Wade vs. St. Mary's Industrial School,* 43 *Md.*, 178.

The single question decided on that appeal was, that the *Act of* 1874, *ch.* 274, having repealed the *Act of* 1870, *ch.* 309, under which the avenue was being constructed, *without a saving clause for work in fieri.* Under the Act of 1870, the construction of the avenue could not be proceeded with in the manner prescribed by the Act of 1870. After this decision, the parties interested, desiring to have the avenue finished, and to provide for payment of the amount due the contractors and remaining unpaid, because of the inability of the County Commissioners to collect the assessments after the repeal of the Act of 1870, and the decision in the case of *Wade vs. The St. Mary's Industrial School,* procured the passage of the *Act of* 1876, *ch.* 101, which was intended as a curative Act, to remedy the mischief done by the omission of a saving clause in the Act of 1874, ch. 274.

After the decision by this Court of *Wade's Appeal,* the County Commissioners, desiring to preserve so much of the avenue as had been constructed, and to complete a certain portion of it, to make it available for travel, made the contract with the appellants of *September* 21, 1875, under which the work was done for which this suit was brought.

The Board of Examiners, appointed by the Act of 1876, ch. 101, made a report of their proceedings to the County Commissioners, for ratification or rejection; but the latter being of opinion that the Act of 1876 was unconstitutional, rejected the report and passed an order quashing the proceedings. From this order an appeal was taken by O'Brian & Co., the present appellants, and the order was affirmed by the Circuit Court, for the reason and upon the ground stated in the Court's opinion, that the Act of 1876 was unconstitutional, because the same was in conflict with *sec.* 33, *Art.* 3, of the Constitution, which prohibits the

Legislature from "*passing a special law, for any case, for which provision has been made by an existing general law.*"

The decision of this case turns upon the question of the validity and effect of the Act of 1876.

1st. Is the question of its constitutionality open for consideration on this appeal?

It is argued that the appellants are concluded by the decision of the County Commissioners and of the Circuit Court. But the question of the constitutionality of the law was one which the County Commissioners had no jurisdiction or power to decide. The power to declare an Act of Assembly unconstitutional and void, can only be exercised by a regularly constituted judicial tribunal, and is one of the most delicate and important powers confided to a Court of justice.

The County Commissioners possess no such authority. They are a body clothed with a limited and special jurisdiction, deriving their authority only from statute, and charged with the execution of the powers which the statute confers upon them. Their decision therefore, that the Act of Assembly was unconstitutional could have no binding force as a judicial decision of the question. And it follows, that the Circuit Court, sitting and hearing an appeal from their decision, was not acting in the exercise of its common law jurisdiction, but, in the exercise of the jurisdiction and powers prescribed and limited by the statute, and its decision, that the statute was unconstitutional and void cannot conclude the question, or bind the appellants in this case as *res adjudicata.* 2nd. Is the Act unconstitutional and void? It is said that it was passed in violation of the provision contained in *Art.* 3, *sec.* 33, of the Constitution, which declares "*that the General Assembly shall pass no special law for any case, for which provision has been made by an existing general law.*"

The argument on the part of the appellees is that there existed a general road law for Baltimore County, viz., the

Act of 1874, ch. 274, providing the mode for opening public roads, and as Wilkens' avenue was a public road, it was not competent for the Legislature to pass a special law relating thereto.

The proceedings which had taken place for opening Wilkens' avenue have been before stated, and the consequences which followed the passage of the Act of 1874.

This Act contained no provision under which the proceedings which had been begun under the Act of 1870, could be completed, or the avenue be opened and finished, without great loss to the public, and great wrong and injustice to individuals, as well to those who had paid their assessments, as to the contractors who had done work upon the avenue.

The same may be said of the Act of 1876, *ch.* 406, another general road law for Baltimore County, which repealed the *Act of* 1874, *ch.* 274, and re-enacted the same with certain amendments.

These general laws provide a mode for the "*opening of any new road, or the widening, straightening, altering or closing of any old road.*" They contemplate original proceedings, contain no provisions applicable to Wilkens' avenue, or for completing what had been begun in relation thereto, under the Act of 1870.

To cure these defects in the Act of 1874, and to prevent the mischiefs to which we have adverted, the Act of 1876, ch. 101, was passed. It was essentially a curative law, required by the exigencies of the particular case. As recited in the preamble, "*there were special circumstances in the case of Wilkens' avenue requiring special legislation in regard thereto;*" and as the purposes of the Act could not be accomplished under any existing general law, its enactment was of course not within the prohibition contained in the Constitution. *Art. 3, sec. 33; Pumphrey vs. Mayor & C. C. of Balt.,* 47 *Md.,* 153; *Mayor & C. C. of Balt. vs. Reitz,* 50 *Md.,* 574.

We proceed to consider the particular provisions of the Act, which have been assailed by the appellees as repugnant to the Constitution.

The *first section* declares that the avenue is a public road; and ratifies and confirms the acts of the County Commissioners done in connection therewith, declaring them to be valid.

This it was clearly competent for the Legislature to do.

Such retrospective laws, when they do not interfere with, or disturb vested rights, are not repugnant to the Constitution. *Baugher vs. Nelson,* 9 *Gill,* 299; 22 *Md.,* 465; *Cooley on Cons. Limitations,* 371 *to* 383, (*3rd Ed.*)

The power of the Legislature to ratify and confirm the acts of the County Comissioners done under the Act of 1870, and to make valid the contracts entered into by them for the construction, repair and preservation of the avenue, after the Act of 1870 was repealed, cannot be questioned.

"If the Legislature possess the power to authorize one act to be done, it can by a retrospective Act, cure the evils which existed because the power thus conferred has been irregularly executed." *Thomson vs. Lee County,* 2 *Wal.,* 327; *People vs. Mitchell, and others,* 35 *N. Y.,* 551.

In the same manner it has been decided in numerous cases, that the Legislature may render valid a contract made by a municipal corporation, though *ultra vires* at the time it was made, if the contract is one which the Legislature might originally have authorized. *Cooley,* 379–381, *and notes.*

This principle applies with peculiar force -to the case of a contract relating to a work in which the public is interested, and for the public benefit, after it has been executed; provided it be a contract which the Legislature had the power to permit or sanction in advance.

*The second section* constitutes a Board of Examiners and Assessors for the purpose of laying out the avenue,

defining its limits, and making assessments for its completion, the exercise by the Legislature of this power of appointment, has been held to be constitutional. *Mayor, &c. of Balt. vs. Howard,* 15 *Md.,* 376.

*The third section* provides for the survey and location of the avenue, prescribing and adopting the same limits as had been established by the proceedings under the Act of 1870, except that in passing through the land of the Industrial School a deviation by a slight curve is directed to be made, to obviate the objection which had been made by that corporation, that the avenue as originally laid out passed through a garden or orchard.

Such a deviation was sanctioned by the case of *Charles Street Avenue,* 10 *Md.,* 536.

The *third* and *fourth* sections designate the mode by which the board are to ascertain the whole cost of the avenue, and direct the manner in which assessments shall be made, and the mode of determining the property to be assessed. These provisions it is said are unconstitutional.

To ascertain the whole cost of the avenue, as the basis of the assessment; the law directs the board to ascertain:

1st. The amounts already paid by parties assessed under the Act of 1870.

2nd. The amount still due the contractors for work done on the avenue.

3rd. The amount which the County Commissioners have paid the contractors from the general county fund, and the amount which they may pay them from said fund for the preservation of the avenue, so far as constructed, after the suspension of the proceedings under the Act of 1870, and pending the completion of the proceedings under the Act of 1876, ch. 101.

4th. The amount necessary to complete the unfinished portion of the avenue.

These sums, in the aggregate correctly represent the cost of opening and completing the avenue, and the land

owners benefited, are assessed respectively their just proportion thereof. But as certain land owners had paid their assessments formerly made, the Act provides that such payments shall be credited and allowed to them.

There seems to us to be no well founded objection to these provisions, they appear to be eminently just, and are clearly within the constitutional power of the Legislature.

The provisions relating to the assessment of damages and benefits, as we construe them, are not repugnant to the Constitution.

Objection is made to the allowance as part of the cost of constructing the avenue, of the amounts which the County Commissioners have paid the contractors from the general county funds, and the amount still due the contractors for work done. It is argued that the Legislature has not the constitutional power "arbitrarily to declare certain sums of money, which no judicial or other properly constituted tribunal has ascertained to have been properly or necessarily expended to be a charge, and to be assessed upon property holders."

The answer to this objection is that these sums so far as paid, were ascertained and expended by the County Commissioners under legal authority in the execution of the Act of 1870, ch. 319; and so far as they remain unpaid and due upon contracts made by the County Commissioners after the repeal of the Act of 1870, although it be admitted that these were made without legal power or authority on the part of the Commissioners; which, however, we do not mean to decide, they are ratified and confirmed by the *first* section of the Act, which as we have before said it was competent for the Legislature to do.

The amounts to be paid under or on account of these contracts, are not fixed or determined by the Act, but are left to be ascertained by the contracting parties, or if disputed, to be determined by judicial decision.

O'Brian & Co. vs. County Comm'rs of Balto. Co.

Without referring more particularly to the other sections of the Act, it is sufficient to say that they seem to us to be free from any valid objection, so far as the constitutional power of the Legislature is involved, and that is the only question upon which we have the power to pass;—the question of expediency being exclusively for the Legislature to determine.

There is no valid reason why the Act should not be carried into execution by the County Commissioners. Not, being clothed with the jurisdiction or power to decide upon the constitutionality of the law, their judgment that it was unconstitutional and void, does not relieve them from the duty of carrying the law into effect, and the discharge of this duty may be enforced by *mandamus*. We desire to say in this connection, that the decision in *State, ex rel. Holland vs. Co. Comm'rs*, 46 *Md.*, 621, is not to be construed as a denial of the power of the Courts to grant the writ of *mandamus* in a proper case, requiring the County Commissioners to carry out the provisions of the Act of 1876. In that case, the power of the County Commissioners to adjudge the Act unconstitutional, was not discussed or questioned in the argument, and it does not appear to have been considered or decided by the Court.

We have adverted to the decision in that case, for the purpose of preventing it from being misunderstood.

As the Act of 1876, ch. 101, is, in our judgment, constitutional, and as its first section operated to confirm and make valid the contract made by the County Commissioners with the appellants, dated the 21st day of September 1875, it follows, that there was error in the ruling of the City Court; the judgment will therefore be reversed, and a new trial ordered.

*Judgment reversed, and*
*new trial ordered.*

(Decided 6th March, 1879.)