## SUPERIOR COURT OF BALTIMORE CITY.

Filed January 6, 1905.

JOHN ELLIS HOFFMAN ET AL.,
VS.
CONWAY W. SAMS ET AL.

*Charles J. Bonaparte* for petitioners.
*W. Cabell Bruce* for respondents.

BAER, J.—

This is an application for a writ of mandamus to the Judges of the Appeal Tax Court of Baltimore city.

The petition states that the petitioners, being the owners of certain property in Baltimore city, the improvements upon which were totally destroyed by fire in the conflagration of February 7, 1904, on the 29th day of July, 1904, applied to the defendants for an abatement of the assessment of said improvements for the year 1904, from and after said 7th day of February, 1904, and a proportioned abatement of the taxes for that year, but that "the defendants peremptorily refused to entertain said application, or to make the said abatement for the year 1904, or to receive any evidence of the said loss, alleging that the said ordinance was no longer in force, and that they were not bound or empowered to take the action requested."

The ordinance referred to is Section 11 of Article 50 of the Code of 1893: "The Appeal Tax Court may correct errors discovered on the assessment books in the description of property, in the ownership of property and errors of calculation, and may make deductions in whole or in part, in cases of loss by fire or of perishable property, where satisfactory evidence of such loss is given."

The answer of the defendants sets up three defenses.

First. That the ordinance imposed no mandatory obligation upon the defendants, but merely a discretionary power, which they in good faith declined to exercise.

Second, that the ordinance so far as it purports to authorize or direct a rebate of taxes in case of loss by fire occuring after October 1st in any year is inconsistent with and in contravention of Section 171 of the Charter of Baltimore City, which sections provides that "the valuation of the property subject to taxation in the City of Baltimore as it shall appear upon the assessment books of said court on the 1st day of October in each and every year, shall be final and conclusive, and constitute the basis upon which taxes for the next ensuing fiscal year shall be assessed and levied."

Third. That "the provisions of the Baltimore City Charter contains ample provision for appeals from the actions or decisions of the Appeal Tax Court to the Baltimore City Court on account of failure of the Appeal Tax Court to reduce or abate any existing assessment, and the petitioners having, therefore, an existing remedy at law for the alleged wrongs of which they complain, have no standing in this court to ask for the writ of mandamus."

The petitioners filed a demurrer to these defenses set up in the answer. Proof taken in the case established the ownership of the property by the petitioners, and that the improvements had been totally destroyed by the fire. The writ of mandamus, being an extraordinary remedy, used only in extraordinary cases, and when the usual and ordinary modes of proceeding and forms of remedy are powerless to afford redress to the party aggrieved, and where without its aid there would be a failure of justice, the first inquiry to be made, when the writ is applied for, is always does another remedy, by which full redress can be obtained, exist, if it does, it is the duty of the court to dismiss the petition for the writ and remit the petitioner to the tribunal which has jurisdiction to grant the relief.

The City Charter, in Section 170, provides that "Any person or persons, or corporation, assessed for real or personal property in the city of Baltimore, and claiming to be aggrieved because of any assessment made by said court, or because of *its failure to reduce or abate any existing assessment*, may, by petition, appeal to the Baltimore City Court to review the assessment.

The case of the petitioners comes directly within the provisions of this section. They made applications for an abatement of the assessment, and claim to be aggrieved because of "the failure to reduce or abate an existing assessment."

The contention of the petitioners however, on this point, as I understand it, is that the remedy to defeat the application for the writ, must be a remedy at law, and according to the course of the common law, they would be entitled to a jury trial upon the facts, and that inasmuch as Section 170 expressly provides that the Baltimore City Court shall hear and decide such appeals "without the intervention of a jury," the remedy provided by that section is not according to the course of the common law, and cannot defeat the application for the writ.

I do not so read the authorities. The right claimed in this case is one which is expressly given by the ordinance of the City, Section 11 of Article 50 of the Code of 1893. No such right exists except under the ordinance. When, therefore, the City Charter provides a remedy for "the failure" of the Appeal Tax Court to give the petitioners this statutory right conferred by the ordinance, it is their duty to pursue that remedy whatever it may be, provided it is adequate to redress the grievance complained of.

In High on Ex. Leg. Rem. Sec. 16, it is said, "while the rule under consideration is a common law rule of very ancient origin, it is not confined in its application to cases where the existing remedy, relied on in bar of the jurisdiction by mandamus, is a common law remedy, but applies with equal force to cases where a particular or special remedy is provided by statute.

Whenever, therefore, an express remedy is afforded by statute, plain and specific in its nature, and fully adequate to redress the grievance complained of mandamus will not lie.

Again, in Section 177, it is said that "In all cases where full and ample relief may be had, either by appeal or by writ of error, or otherwise, from the judgment, decree or order of the subordinate court, mandamus will not lie since the courts will not permit the functions of an appeal or writ of error to be usurped by the writ of mandamus."

Quite a number of authorities are referred to in support of these propositions. In some of the cases the remedy was not in a court at all, but by appeal to some public official or board, yet the courts held that the statutory remedy, being adequate, defeated the right to the writ.

In probably all of these cases both the right and remedy were given by statute, but there can surely be no difference in principle between such cases and this one, where the right, if it exists, is given by ordinance, and the remedy is given by statute.

Among the cases referred to in the text book quoted from is that of State ex rel. Holland and others vs. County Commissioners of Baltimore county, 46 Md., 621.

In that case 'an Act of Assembly appointed a board of examiners to make assessments upon the owners of land on Wilkens avenue for the purpose of constructing and completing said avenue.

The act required the examiners' to report their proceedings to the Commissioners of Baltimore County for their ratification, amendment or rejection; and further provided, that any person interested in the proceedings, might appeal from the final order of ratification or rejection of the report to the Circuit Court for Baltimore county. The County Commissioners rejected the report and passed an order quashing all the proceedings thereunder.

Application was then made for the writ of mandamus to compel the County Commissioners to carry out the provisions of the act.

The court decided that the writ could not be granted "because by the express terms of the act, the appellants have a full and adequate remedy by an appeal to the Circuit Court for Baltimore county."

In O'Brien vs. County Commissioners, 51 Md., 16, the Court of Appeals referring to the case in 46 Md., 621, say that it is "not to be construed as a denial of the power of the courts to grant the writ of mandamus in a proper case, requiring the County Commissioners to carry out the provisions of the Act of 1876."

In the latter case, 51 Md., it appears that the County Commissioners undertook to decide that the Act of 1876 was unconstitutional, and this, the Court of Appeals say, the commissioners had no power to do, nor could the Circuit Court for Baltimore county so decide, "setting and hearing an appeal from their decision," because that court was not "acting in the exercise of its common law jurisdiction, but in the exercise of the jurisdiction and powers prescribed and limited by the statute."

The act required the Board of Examiners to report their proceedings to the commissioners "for their ratification, amendment or rejection."

It seems to me, taking what is said in these two decisions in connection with the Act of 1876, upon which the decisions were made, that the principle established by them is that where a statute requires a municipal board to do some act in reference to a specific matter set forth in the statute, and the board refuses to do what the statute requires, on the ground that the law is unconstitutional, the writ of mandamus may be granted compelling them to proceed.

That principle has no application to the case here, where the Appeal Tax Court necessarily had to determine whether there was a conflict between the ordinance and the City Charter, and if it found such conflict was bound to determine that the provisions of the Charter was paramount.

The action of the Appeal Tax Court in refusing to abate the assessment, whatever the reason for the refusal may have been, brought the case of the petitioners directly within the language of Section 170 of the Charter, "because of its failure to reduce or abate any existing assessment," and for this refusal an adequate remedy was provided by appeal to the Baltimore City Court, and that Court, although not sitting on the appeal, in the exercise of its common law jurisdiction, would necessarily determine any question of conflict between the ordinance and the Charter.

In the case of Winand vs. County Commissioners, 77 Md., 522, the County Commissioners, without any notice to Winand, had increased his assessment by the addition of 600 barrels of whiskey valued at $20 per barrel, and he applied for a mandamus to compel the commissioners to strike this additional assessment from the tax books.

The Court of Appeals said that the assessment "was improvidently made, and no taxes can be collected from him on account of it." They then proceed to inquire whether the writ of mandamus is the appropriate remedy for him to invoke, and say, "It has been held that mandamus will lie to compel assessors to strike from the assessment roll non-taxable property which they have included in it, because their proceedings in such case would be clearly in excess of their jurisdiction. Under such circumstances nothing is submitted to their discretion, and the

subject-matter of the controversy is put by the law beyond their authority, and they can lawfully neither list it nor value it." Cooley on Taxation, 732, and cases cited.

On page 822 of the same work the learned author says: "A summary remedy by writ of mandamus may be had by parties illegally assessed in a few cases. . . . They embrace cases in which the property or subject taxed is not taxable by law, and the remedy is given by compelling the proper officer to strike off the assessment or discharge the tax."

The case at bar does not fall within the group to which Judge Cooley alludes. The property here was not non-taxable, and the County Commissioners had an irreviewable discretion in placing a valuation upon it. They merely erred in assessing it without having first given notice to the owner. Such an error vitiates, it is true, the assessment, and an injunction would effectually restrain the collection of any tax levied thereon.

As the writ of mandamus is not the appropriate remedy, the petition should have been dismissed. The case here certainly does not come within the group alluded to by Judge Cooley, whose language is thus quoted by the Court of Appeals, and while in other cases that court has recognized the general principle that the other remedy to defeat the writ, must be a remedy at law, in this case of an erroneous assessment it has held that a remedy in equity will prevent the writ from issuing.

If a remedy in equity is thus sufficient, at least in assessment cases, where there is no inherent right to a jury trial, a remedy by appeal to Baltimore City Court without the intervention of a jury, is ample and adequate, and will defeat the application for the mandamus. I shall therefore grant the first prayer of the defendants, and sign an order dismissing the petition.

This renders it unnecessary for me to pass upon the second prayer, which involves the proper construction of the ordinance and the City Charter. As I think the court has no jurisdiction to issue the writ, because the petitioners have an adequate remedy in another tribunal, it is for that tribunal to pass upon the merits of the case.