## John B. Seidenstricker *vs.* the State of Maryland.— *December,* 1844.

By the act of 1st April 1841, ch. 23, imposing a direct tax of twenty cents in the hundred dollars, it was designed, that such tax should be paid into the treasury, and the collector's commissions, by the counties or cities respectively, making the levy, by an additional levy, and not by the treasury.

APPEAL from *Baltimore* County Court.

This was an action of *assumpsit*, brought to September term 1844, of said court, by the State against the appellant, as collector of State taxes for the city of *Baltimore*, for money collected. The defendant pleaded *non assumpsit*.

Judgment was rendered for the plaintiff, subject to the admission, "that there is a sum of money in the hands of the defendant, collected by him on account of taxes due under the act of 1841, but he claims to retain the same on the ground that he looks to the State for his commissions as collector, and has a right to retain for his commissions. The question is submitted to the court, whether the State or the city of *Baltimore* is to pay the defendant his commissions. It is agreed,

that a *pro forma* judgment for $100 may be entered in favor of the plaintiff, with the right to the defendant of appealing to the Court of Appeals, to have said question decided there, and judgment entered there in accordance with the opinion of the court."

The defendant accordingly prosecuted this appeal.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS and MAGRUDER, J.

By T. P. SCOTT and MARSHALL for the appellants, and
By STEELE, D. A. G., for the State.

CHAMBERS, J., delivered the opinion of this court.

The sole question in this case is, whether, by the true interpretation of the act of 1st April 1841, ch. 23, imposing a direct tax, the twenty cents in the hundred dollars, thereby directed to be levied, included the commission allowed to collectors, or whether such commissions were to be paid by an additional levy.

The 62nd section directs the counties to defray all expenses not *provided for* by the law. The only provision which could be contemplated, must have been a provision for the payment of such expense. If an expense *provided for*, is taken to be an expense which the act directs to be incurred, then all the expenses incident to the execution of this law are provided for. Thus the 27th section directs the clerks of the levy courts to perform certain duties, for such compensation as the said courts may deem proper. The 47th section directs the collectors to perform certain duties for a compensation, (not less than three, nor more than six per centum on the monies paid by him,) to be fixed by the said levy courts. In neither is it expressly said, out of what fund shall the compensation be taken. Is the expense in the one case *provided for* by the act, and not in the other? The 46th section makes it the duty of the collectors to collect certain proportions of the tax on or before certain specified days; and the 47th section requires them, on the same days, to pay over to the collector all

monies collected, or which ought to have been collected on those days respectively, evidently intending, that the payment should be of the proportions of the assessment, which proportions were, in the contemplation of the legislature, aliquot parts of the *whole* assessment.

Some reliance has been placed on the language of the 47th section, which gives the commission on the money "paid into the treasury," and not on the amount collected; but it will appear, by reference to the 45th section, that so far as relates to the counties for which collectors are, by the act appointed, the per centum allowed for commission, appears to be allowed as to some, on the amount paid over, and as to others, on the amount assessed, in cases where it was quite impossible to design thereby, any difference in the fund from which they were to be paid.

We think it clear, from all the sections referred to, that the act designed the clear sum of twenty cents in the hundred dollars to be paid into the treasury.

JUDGMENT AFFIRMED.