BOARD OF COUNTY SCHOOL COMMISSIONERS OF ANNE ARUNDEL COUNTY *vs.* HARRY B. GANTT, Treasurer, and THE BOARD OF COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY.

*County Commissioners—Public School tax—Code, Art. 77, sec. 22—Public Local Code, Art. 2, secs. 123, 228, 235— Mandamus—Misjoinder of Parties.*

By the general school law (Code, Art. 77, sec. 22,) it is provided, in substance, that if the apportionment of the State school fund be insufficient for the needs of the public schools of any county, the County Commissioners shall levy such additional sum as the school board may make demand for, not exceeding ten cents on the $100. Under section 123 of Article 2 of the Code of Public Local Laws, the County Commissioners of Anne Arundel County are empowered in their discretion to levy such additional rate, not exceeding, with the ten cents provided for by the general law, twenty cents on the $100, as they may deem necessary to promote the efficiency of the schools; and it is expressly declared that the school tax so levied "shall constitute a separate fund, and shall not be used for any other purpose but

that for which it was levied." Section 228 of the same local Article, in defining the duties of the county treasurer, provides that "he shall reserve out of the money collected by him for county purposes generally and public schools, a sufficient sum to pay the amount levied in each current year by said commissioners for public schools, and shall pay the same over to the board of county school commissioners of said county." Section 235 prescribes the rate of commission to be paid to the treasurer as compensation for his services, and requires the county commissioners to include an amount sufficient to pay such commission in their annual levy. HELD:

1st. That the gross amount levied for the schools under the foregoing provisions, is payable to the school board, and the county commissioners, after they have made the levy, have no right to diminish that amount by subsequently applying any part of it to any other purpose.

2nd. That said commissioners are precluded from withholding part of the amount levied for the use of the public schools to pay the treasurer's commissions.

3rd. That they are equally without authority to lessen the amount so levied, by deducting discounts allowed for the prompt payment of county taxes.

4th. That as to the ten cents on the $100, which the county commissioners may in their discretion levy over and above the first ten cents which they are peremptorily required to levy under the general law, they may, in the order directing the levy, provide that the cost of collecting what is thus given in their discretion, shall be deducted, and may provide that only the net proceeds shall be paid to the school board.

5th. That the amount levied for the schools being fixed and ascertained, and standing to the credit of the school commissioners on the books of the county commissioners, it is the duty of the latter to pay it over, and for a breach of that duty *mandamus* is the appropriate remedy.

6th. That the county treasurer, being the mere servant of the county commissioners, the writ can only issue against them; and where in such proceeding the petition prays that the writ be issued against the treasurer as well as against the county commissioners, this misjoinder is a sufficient ground for refusing the writ.

APPEAL from the Circuit Court for Anne Arundel County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, BRYAN, MCSHERRY, and BRISCOE, J.

*Edward C. Gantt,* for the appellant.

*Robert Moss,* and *John Ireland,* for the appellees.

MCSHERRY, J., delivered the opinion of the Court.

This is an appeal from an order refusing a *mandamus.* The Board of County School Commissioners of Anne Arundel County filed a petition against the County Commissioners and County Treasurer of that county, praying that a *mandamus* might issue commanding the respondents to pay over to the relators the full amount of taxes levied in eighteen hundred and eighty-nine for the use of the public schools, without abatement or diminution. The County Commissioners claimed the right to deduct from the sum so levied the amounts of the treasurer's commissions for collecting, and the amounts allowed to tax-payers by way of discount for prompt payments. The *mandamus* was refused, and hence this appeal.

It appears by the record that on the twenty-first day of May, eighteen hundred and eighty-nine, the County Commissioners levied upon the taxable property of the county that year, for the use of the public schools, twenty cents on the hundred dollars, which levy yielded the sum of $21,596.31. By the general school law, *Code, Art.* 77, *sec.* 22, it is provided, in substance, that if the apportionment of the State school fund be insufficient for the needs of the public schools of any county,

the County Commissioners shall levy such additional sum as the School Board may make demand for, not exceeding, however, ten cents on the one hundred dollars. Under *sec.* 123 *of Art.* 2 *of the Code of Public Local Laws,* the County Commissioners of Anne Arundel County are empowered, in their discretion, to levy such additional rate, not exceeding, with the ten cents provided for by the general law, twenty cents on the one hundred dollars, as they may deem necessary to promote the efficiency of the schools; and it is expressly declared that the school tax so levied "shall constitute a separate fund, and *shall not be used for any other purpose* but that for which it was levied."

*Sec.* 228 of the same local article, in defining the duties of the County Treasurer, provides that "he shall reserve out of the money collected by him for county purposes generally and public schools, a sufficient sum to pay the *amount levied* in each current year by said Commissioners, for public schools, and shall pay the same over to the Board of County School Commissioners of said county" in four equal instalments. The mode of compensating the treasurer for his services is prescribed by *sec.* 235, which enacts that "the said treasurer shall be entitled, as compensation for his services, to a commission, to be fixed by the county commissioners, of not more than two and a half per centum on the amount of taxes levied for county purposes and actually collected, * * * * and the said commissioners are *authorized and directed* in their several annual levies to levy an amount sufficient to pay the commissions and salaries so allowed."

From these several provisions of the general and local laws it is quite apparent that when the Board of School Commissioners make demand upon the county commissioners for an appropriation it becomes the duty of the latter to levy, under *Art.* 77, *sec.* 22, the amount re-

quired by the School Board up to ten cents on the hundred dollars of taxable property. This duty is an imperative one. It is equally clear that when more than ten cents on the hundred dollars is required, the county commissioners have, under *sec.* 123, *Art.* 2, *of the Local Code,* a discretion to levy not exceeding ten cents additional. But when the levy is actually made, and unconditionally made, the statutes are explicit in declaring that no part of the sum levied for the use of the public schools shall be used for any other purpose, and that the amount so levied in each year shall be paid by the treasurer to the School Board in equal quarterly instalments. These clear and minute provisions plainly mean that the *gross* amount levied for the schools shall be paid to the School Board; and, of course, therefore, they necessarily exclude the right of the county commissioners, after they have made the levy, to diminish that amount by subsequently applying any part of it to any other use or purpose. In addition to this, *sec.* 235 authorizes and directs that the commissions of the treasurer shall be provided for in the levy—that is to say, shall be separately levied annually. These commissions, therefore, are placed upon the levy list to the credit of the treasurer, precisely as any other claim due by the county is placed to the credit of the party to whom it is payable. Obviously, therefore, the county commissioners are precluded from withholding part of the amount levied for the use of the public schools to pay the treasurer's commissions. They are equally without authority to lessen the amount so levied by deducting discounts allowed for the prompt payment of county taxes.

We do not mean to say that as to the ten cents on the hundred dollars, which the county commissioners may in their discretion levy over and above the first ten cents

which they are peremptorily required to levy under the general law, they may not, in the order directing the levy, provide that the cost of collecting what is thus given in their discretion shall be deducted. This they may do, and they may provide that only the net proceeds shall be paid to the School Board. But the record does not show that such an order was passed when the levy was made. It shows merely that a certain percentage was levied upon a given basis, yielding an ascertained sum. That sum, under the circumstances stated, the School Board is entitled to have. This view is fully supported by *Seidenstricker vs. The State,* 2 *Gill,* 374.

We have said that the treasurer was made a party respondent in this case. In *Annapolis Savings Institution vs. Bannon, et al.,* 68 *Md.,* 462, it was held that the treasurer was the mere servant of the county commissioners. It was consequently, as is well settled, an error to make him a party to this proceeding.

The amount levied for the schools stands to the credit of the appellants on the books of the appellees. That amount is fixed and ascertained, and the plain duty of the county commissioners is to pay it over. For a breach of that duty *mandamus* is the appropriate remedy. An action at law could accomplish nothing more than to reduce to a judgment the claim confessedly levied by the county commissioners, and a refusal to pay that judgment would warrant the issuing of a *mandamus* to compel the commissioners to make a levy for its payment. They have, in fact, made the levy already, and their refusal to turn over the money thus levied can only be remedied by a *mandamus* requiring them to do so. But, as the writ can only issue against them, and not against their subordinate officer, it would have been error to have granted it according to the prayer of the petition.

For this misjoinder the Court below was right in refusing the writ, and upon that ground its order must be affirmed.

*Order affirmed.*

(Decided 24th March, 1891.)