THE COUNTY COMMISSIONERS OF WORCES-
TER COUNTY *vs.* CHARLES O. MELVIN.

*County Commissioners—Constitutional Law—Payment of Fee to Counsel Appointed to Defend Prisoner—Mandamus—Appearance Fee.*

If County Commissioners refuse to pay a legal claim against the county, the writ of *mandamus* lies to compel them to provide by levy for its payment.

County Commissioners are governmental agents and may be required by the Legislature to make expenditures without being entrusted

with any discretion on their part as to the amount or the subject-matter of the expenditure.

Under Code, Art. 26, secs. 7 and 8, the Circuit Courts are authorized to appoint counsel to defend or prosecute criminal cases, and it is declared that the County Commissioners shall levy, to pay for the services of counsel so appointed, a sum not exceeding $100 in any onecase.   Local Code, Art. 24, sec. 266, provides that in Worcester County no such compensation shall be paid counsel except upon the order of the Judge of the Court certifying the amount to be paid, *Held*,

1st. That when a claim against the county for such services has been certified by the Judge, it is the imperative duty of the County Commissioners to pay it, and they have no discretion as to the amount.

2nd. That the fact that a counsel so appointed to defend a criminal case has been paid an appearance fee in the same case, is no reason for refusing to pay the special compensation provided by statute; the appearance fee being a totally different charge, and one allowed by Code, Art. 36, sec. 10.

Appeal from an order of the Circuit Court for Worcester County (PAGE, C. J., and LLOYD, J.), directing the issue on the writ of *mandamus*.

The cause was argued before McSHERRY, C. J., BRISCOE, ROBERTS, PEARCE and SCHMUCKER, JJ.

*Clayton J. Purnell* and *William F. Johnson*, for the appellant.

*Hodson & Hodson* and *Charles O. Melvin*, for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

This case is entirely free from difficulty.   Whilst the pleadings are very informal and inartificial, the question intended to be raised by them is sufficiently disclosed to enable us to consider and to dispose of it.   The facts are these : The appellee was appointed by the Circuit Court for Worcester County to defend a prisoner who had been indicted by the grand jury of that county for the crime of murder. The service was rendered by the appellee and he charged the county the sum of fifty dollars therefor.   His account

against the county for this sum was certified to and approved by one of the Judges of the Circuit Court and was then filed with the County Commissioners to be included by them in the annual levy.    Prior to the time when this account was presented, the appellee had claimed from the County Commissioners and had been allowed by them a fee of ten dollars in the same case.    This fee of ten dollars had not been certified to or approved by any of the Judges of the Court.    The County Commissioners refused to pay the account for fifty dollars, and the appellee thereupon filed a petition praying that a writ of *mandamus* might be issued requiring them to make a levy therefor.    This petition was answered.    In the answer the facts alleged in the petition were not only not denied, but were admitted; and the sole defence set up and relied on was " that the allowance or non-allowance " of the claim " was a matter discretionary with" the County Commissioners.    As a reason for the exercise of this asserted discretion adversely to the appellee, they alleged that they " felt justified in refusing to levy said sum, having previously levied the sum of ten dollars,    *    *    * the original charge of this *complainant*, and as provided in the Code of Public General Laws."

If the claim for fifty dollars was a claim " on or against the county," and was " expressly or impliedly authorized by law," it was obviously, under *Sec. 7, Art. 25 of* the Code, the duty of the County Commissioners to make provision, by a levy for its payment.    And if the duty to make the levy was incumbent on them, and they refused to perform that duty, then, undoubtedly a writ of *mandamus* was the appropriate process to enforce the discharge of that duty. *O'Brien* v. *Co. Com.,* 51 Md. 15 ;  *Co. Coms. Tal.* v. *Co. Com. Q. A. Co.,* 50 Md. 245.    It comes then to the inquiry whether the claim was a fixed, ascertained debt due by the county, or merely one which the County Commissioners had a discretion to allow or not as they themselves saw proper.

It is conceded that the appellee was duly appointed by the Circuit Court to defend the prisoner charged with

murder.   Being an officer of the Court the appellee was, in
the absence of a reasonable excuse, bound to perform the
duty assigned him.   But whilst the Court possessed the
power and authority to require his services, it would not
have been justified in exacting them without making some
provision for reasonable compensation.   Both the Public
General and the Public Local Codes contain enactments on
this subject.   *By Sec. 7, Art. 26* of the former, it is pre-
scribed, " and the said Court may likewise appoint counsel
to defend any person in the trial of any criminal case in said
Courts, whenever, in the judgment of the Court in which
any such case is pending, a just regard for the rights of the
accused require it."   And *sec. 8* declares :  " The County
Commissioners of the several counties and the Mayor and
City Council of Baltimore, shall levy and pay for the ser-
vices rendered by any person appointed by the Court to
assist in the prosecution or defence of any case ; provided
the amount paid for such services in any one case shall not
exceed one hundred dollars, &c., &c."   *Sec. 266, Art. 24*
of the Code of Public Local Laws is in these words : "No
compensation for defending any party in any criminal case
shall be allowed to any attorney by the County Commis-
sioners except on presentation of an order in writing, signed
by a Judge of the Circuit Court for said county, certifying
in what case services had been rendered, *and the amount to
be paid for such services.*"   This legislation gives to the
Court ample authority not only to assign counsel to defend
an accused, but to fix and define, not exceeding a desig-
nated maximum sum, the amount of compensation to be
paid by the County Commissioners for such services.   The
General Assembly has seen fit to repose in the Courts this
authority.   It is an authority immediately connected with
the administration of justice and could not well be lodged
anywhere else without seriously interfering with the very
object the legislation was designed to accomplish.   If to
the County Commissioners were committed the power to
determine the amount of compensation to be paid in such

cases ; or, if, as is contended for in this proceeding, they were clothed with a discretion to allow or disallow altogether, the sum claimed, it would embarrass the Courts most seriously in the trial of criminal causes, because Courts would then be reluctant, if not wholly unwilling, to impose upon a member of the bar the labor and responsibility of defending an accused, inasmuch as there would then be no certainty that the labor when performed, though performed in obedience to the Courts' instructions, would be adequately paid for, or even paid for at all.

It was just as competent to the General Assembly to prescribe that the sums fixed by the Court, within the limit mentioned for defending a party charged with crime, should be paid by the county, as to declare that the appearance fee—a sum fixed by the Legislature itself—should be defrayed by the county. This is no invasion of the constitutional rights of the County Commissioners. These officers do not stand upon the same footing with an individual or private corporation. The Legislature may require them, as public governmental agents, to do acts involving the expenditure of public money and may impose upon them the duty to make the expenditures without entrusting them with the slightest discretion as to the propriety of the measures or the amount of the cost. Thus, *Sec. 22, Art. 77* of the Code, relating to the public schools, provides that if the apportionment of the State school fund be insufficient for the needs of the schools of any county, the County Commissioners shall levy such additional sum as the School Board may make demand for, not exceeding, however, ten cents on the one hundred dollars. In *Board of Co. School Com.* v. *Gantt*, 73 Md. 524, we held that when a demand is made by the School Commissioners on the County Commissioners under this section of the Code, the duty of the County Commissioners to levy the sum demanded up to the maximum limit of ten cents on the hundred dollars, is imperative. The statute reposes in the School Commissioners the authority to ascertain the sum required by them, and it im-

poses an absolute obligation on the County Commissioners to levy the sum, thus ascertained, up to the limit just named. So, too, under *Sec. 27, Art. 43 of the Code,* the County Commissioners are required, in counties where there are no vaccine physicians appointed by the proper authorities, to pay any physician performing the service, the sum of fifty cents for every child vaccinated "on presentation of" an account "duly authenticated by an affidavit setting forth that the service was duly performed and that the parents or guardians are unable to pay for said service." In *Co. Com. v. McClintock,* 60 Md. 560, the county was held liable under this statute. Again : The *Act of 1876, ch. 220,* authorized and required the Mayor and City Council of Baltimore to take charge of and maintain as a public highway a certain bridge over Gwynn's Falls, in Baltimore City. On the refusal of the Mayor and City Council to do this, they were compelled by *mandamus* to perform the duty imposed upon them by the statute, though in performing it they were forced to expend money to pay for the bridge. *Pumphrey v. M. & C. C. Balto.,* 47 Md. 145.

These instances, without reference to many others that might be cited, are sufficient to illustrate the proposition that in such cases as we are now dealing with, it is entirely within the province of the Legislature to require County Commissioners and other like public corporations to make levies for claims against the county, though the commissioners themselves have no authority or power to pass upon or determine the merits, or to fix the amounts of the demands which they may be imperatively obliged to pay. Such legislation deprives the commissioners of no rights guaranteed by the organic law, because as political governmental agencies of the State they are possessed of no rights except those which the law-making department—the Legislature—may see fit to confer ; and most assuredly there is neither by express provision nor by necessary or even remote implication any power given them to review the certification of a Judge as to the amount of a fee allowed under the section of the Code

already alluded to, any more than they possess authority to revise a demand of the School Commissioners made upon them under *Sec. 22 of Art. 77* of the Code. They are a public corporation created for political purposes, with political powers to be exercised for purposes connected with the public good in the administration of civil government, and subject to the control of the Legislature. They are governed according to the laws of the land, and the government has the sole right, as trustee of the public interest, to inspect, regulate, control and direct the corporation, its funds and franchises. *Regents' case,* 9 G. & J. 365.

That the claim in this case is a claim against the county expressly authorized by law is perfectly obvious from the terms of the Public General and the Local Codes ; and that the duty to provide for its payment is absolute, is equally clear from the imperative language employed in section eight that the County Commissioners " *shall* levy and pay for the services rendered by any person appointed by the Court." We entertain no doubt whatever that the claim is one on and against the county ; that it is one expressly authorized by law, and that the duty to pay it is imperative.

The levy of ten dollars—the appearance fee fixed by law, in a capital case—was no reason for refusing to levy the fifty-dollar account forming the basis of these proceedings. The one is a fee allowed by *Sec. 10, Art. 36 of the* Code ; the other, a totally different charge, is fixed by the Judge under *Sec. 8, Art. 26* General Code and *Sec. 266, Art. 24* Local Code. When certified to by the Judge there is nothing for the County Commissioners to do but to pay it. In the case of *Goldsborough* v. *Lloyd,* 86 Md. 378, we refrained from passing on the question here involved because it was not before us. Now, that it is squarely presented we have no hesitation in saying that the legislation is entirely free from constitutional or other objections.

The order directing the *mandamus* to issue will be affirmed.

*Order affirmed with costs above and below.*

(Decided March 14th, 1899).