# EDWARD M. ALLEN, JR., ET AL. *vs.* THE STATE OF MARYLAND.

*Compensation of Treasurer of Harford County for Collection of State Taxes.*

Under local Code, Art. 13, sec. 262Q and the general provisions of Code, Art. 81, the Treasurer of Harford County is required to pay over to the State the full amount of State taxes collected by him, and his commissions for collecting the same are payable by said county and not by the State.

Appeal from the Circuit Court for Harford County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHUMCKER and JONES, JJ.

*Fred. R. Williams* (with whom was *S. A. Williams* on the brief), for the appellant.

*Wm. H. Harlan* (with whom was *James W. McNabb* on the brief), for the appellee.

PEARCE, J., delivered the opinion of the Court.

This suit was brought by the State of Maryland upon the official bond of Edward M. Allen, Jr., treasurer of Harford

County for the years 1898 and 1899, to recover a balance of $1,027.84 due for State taxes on mortgages for the years named.

The defendants pleaded : 1st. General performance—2nd. That under section 262Q of Article 13 of the Code of Public Local Laws of Maryland, title, Harford County, sub-title taxes (being ch. 204 of the Acts of 1898), the defendant, Allen, was entitled to a commission of two per cent upon the State taxes by him collected and turned over to the treasurer of the State for the years 1898 and 1899, but which the Comptroller of the State refused to allow him in the settlement of his accounts for those years.    The State joined issue on the first plea, and demurred to the second plea, and, the demurrer being sustained, judgment was entered for the penalty of the bond, to be released on payment of the amount due as shown by the Comptroller's statement and certificate filed with the declaration.

Section 262Q is in these words : "The said treasurer shall pay over the State taxes by him from time to time collected, as required by the laws of this State, less a commission of two *per centum* to the said treasurer for collecting the same;" and it was agreed that the only question raised by the demurrer was whether the treasurer is entitled to the two per cent commission from the State, or from Harford County, it being admitted that he had retained two per cent on the State tax collected by him, and that the amount claimed by the State was the amount so retained.

The State bases the demurrer upon two grounds :

1st. That the two per cent commission allowed is payable by the county and not by the State, and that the treasurer must therefore pay over to the State the full amount collected by him, and look to the county for his compensation.

2nd. That if this be not the proper construction of the law, and the intention of the Legislature was that the commission should be borne by the State, then that section of the law is in conflict with Article 15 of the Bill of Rights and is unconstitutional and void.

The literal import of the language under consideration, it must be conceded, would indicate that the commission was intended by the Legislature to be borne by the State, since there is no clear and positive provision as to the mode of payment, and the only duty laid upon the treasurer is to pay over the amount collected, *less the commission allowed.* The requirement to pay over one amount, *less* another amount, designated as a commission for collection, might ordinarily well be regarded as sufficient authority to *retain* such commission, and we do not understand the counsel for the State to contend that this would not be the natural and primary construction of such language, unaffected by authority or precedent of any sort; but they do earnestly contend that a contrary construction must be placed upon this language in view of the history of tax legislation in this State for more than half a century, and of a decision of our predecessors upon similar language involving the same question, as far back as 1844, which remains unquestioned down to this time.

Our present system of tax laws seems to be founded on the Act of 1841, ch. 23, entitled "an Act for the general valuation and assessment of property in the State, and to provde a tax for the payment of the debts of the State." The 47th section provides that the collector of taxes in the several counties and in the city of Baltimore should account at stated intervals to the treasurer for all taxes collected, and that the Collector for Baltimore City should be entitled "to a commission of two *per centum* on all monies so paid," but did not designate out of what fund the compensation should be taken. This Act as affecting the Collector for Baltimore City came before the Court for construction in *Seidenstricker* v. *The State*, 2 Gill, 374, where the collector, as in the present case, claimed the right to retain his commissions on the State taxes out of the amounts collected for these taxes. The sole question, as stated by JUDGE CHAMBERS in the opinion, was, whether by the true interpretation of the Act "the State tax of twenty cents in the hundred dollars thereby directed to be levied, included the commissions allowed to collectors, or whether such commissions

were to be paid by additional levy," and the decision was that "the Act designed the clear sum of twenty cents in the hundred dollars to be paid into the treasury," and that the collectors' commissions were to be paid by an additional levy, and not by the treasury. The appellant argued that this decision must be regarded as justified alone by sec. 62 of that Act which required the counties, and the City of Baltimore, respectively, to defray all expenses incurred in its execution, not specially provided for by the Act; but conceding this, for the sake of the argument, to be correct, the application of that decision to the case before us is in nowise affected thereby.

Sec. 31 of Art. 81 of the Code, provides that the County Commissioners of each county shall annually appoint a collector or collectors for collection of all State taxes, and that they shall provide no compensation for such collectors otherwise than by a *per centum* on the amount of their collections.

Sec. 68 of Art. 81, requires the County Commissioners to levy such commissions as will in their judgment insure a speedy collection of taxes, not exceeding five *per centum*, except in Calvert County, where it shall not exceed six *per centum*, and in Baltimore City where it shall not exceed two *per centum*. These sections of the Code, it is true, are therein said not to apply to Harford County nor Garrett County, but as originally enacted they applied to all the counties, and the city of Baltimore, and Harford County was not excepted until 1876 by ch. 372 of that year, and Garrett County not until 1888 by ch. 515 of that year. The Act of 1874, ch. 483, repealed and re-enacted the whole of Art. 81 of the Code of 1860, and secs. 30 and 67 of the Act of 1874, became secs. 31 and 68 of the Code of 1888, the provisions of which we have set out above.

But while the Act of 1876, ch. 372, excepted Harford County from the operation of secs. 30 and 67 of the Act of 1874, it enacted special provisions for that county, among which, sec. 30A, provided that the County Commissioners should "let out the collection of *State* and county taxes to such person as should be the lowest bidder by a *per centum*

on the amount of collections, *as contemplated by Art. 81 of the Code;"* and sec. 67 as re-enacted by that Act for Harford County, required the County Commissioners to levy *such commissions* for the use of the collectors, and the several sections of that Act became secs. 257 to 262 of Art. 13 of the Code of Public Local Laws of Maryland, title Harford County, and so remained (with the exception of an immaterial amendment to sec. 259 in 1894), until the Act of 1898 ch. 204, known as the Harford County Treasurers Act.

From the year eighteen hundred and seventy-six therefore, when Harford County was taken out of the operation of secs. 31 and 68 of the Code, down to 1898, there is in the substituted tax laws for that county, a clear recognition of the general policy of the law of this State, that the commissions upon State taxes should be levied and paid by the county, and should not be paid by the State Treasury, nor be retained by the collector out of the amount collected.

The Act of 1898, ch. 204, sec. 262Q, returns to the indefinite language of the Act of 1841 construed in Seidenstricker's case, leaving it open to construction how the collector's commissions should be provided for, but there is stronger ground for applying now the doctrine of Seidensticker's case than there was for its original adoption, for in addition to that judicial construction, we have an unbroken general rule in the Public General Code to the same effect, and under the Local Law of Harford County from 1876, when it was taken out of the general law to 1898. That the omission in the Act of 1898 to make affirmative provision, as theretofore, for the levy of the collector's commissions, was mere inadvertence, and not a purpose to change the policy of the law, we think is made apparent by the prompt action of the next Legislature in ch. 529 of the Acts of 1900 requiring the County Commissioners to levy for these commissions. Thus we have not only an antecedent legislative construction of sixty years, based upon a judicial construction of the Act of 1841, but a subsequent recognition of that policy of the law as evidenced by the prompt return to the same policy at the next legislative session.

Even before the decision in 2nd Gill, this policy had been adopted in ch. 208 of 1843, though that Act is not alluded to in that case.    It is traced down through ch. 236 of 1844— ch. 203 of 1845—secs. 75 and 76 of Art. 81 of the Code of 1860—ch. 366 of 1868—ch. 483 of 1874—ch. 372 of 1876— secs. 30 and 67 of Art. 11 of the Code of 1878—ch. 515 of 1888—secs. 31 and 68 of Art. 81 of the Code of 1888—and ch. 529 of 1900.    It is the rule which naturally results from a consideration of the purpose for which tax laws are enacted. "That purpose is to supply the government with revenue." *Cooley on Taxation*, p. 265.  This revenue is carefully estimated to meet the current and contingent or extraordinary expenses of government, and if diminished by the cost of collection the government must to that extent be deprived of its necessary revenue.

The principle decided in *Seidenstricker's case* was approved and applied by this Court in the *Board of County School Commissioners of Anne Arundel County* v. *Gantt and the County Commissioners of Anne Arundel County*, 73 Md. 525–6.

In that case, the County Commissioners levied for the year 1889 under the General School Law, in compliance with the demand of the School Commissioners, the sum of ten cents in the hundred dollars for the public schools of the county. Under the local code of Anne Arundel County the Commissioners were authorized, *in their discretion*, to levy an additional rate not exceeding ten cents in the hundred dollars, and it was expressly declared that the school tax so levied "should constitute a separate fund, and should not be used for any other purpose but that for which it was levied."    Section 235 of the Local Code provided that the treasurer should receive for his services, a commission to be fixed by the County Commissioners, not exceeding two and a-half *per centum* on the amount of taxes levied, and the commissioners were authorized and directed to levy a sum sufficient to pay such commissions.    The County Commissioners claimed the right to deduct from the sum so levied the amount of the treasurers' commissions for collecting, and the amounts allowed the tax-

payers by way of discount for prompt payments. It was held this could not be done, the present CHIEF JUSTICE saying: "We do not mean to say that as to the ten cents on the hundred dollars, which the County Commissioners may in their discretion levy, over and above the first ten cents which they are peremptorily required to levy under the general law, they may not, in the order directing the levy, provide, that the cost of collecting what is thus given in their discretion shall be deducted. This they may do, and they may provide that only the net proceeds shall be paid to the School Board. But the record does not show that such an order was passed when the levy was made. It shows merely that a certain percentage was levied upon a given basis, yielding an ascertained sum. That sum, under the circumstances stated, the School Board is entitled to have. This view is fully supported by *Seidenstricker* v. *The State*, 2 Gill, 374."

These two cases we think are conclusive as to the case before us. Entertaining this view, the constitutional question raised in the brief becomes unimportant, and need not be considered.

*Judgment affirmed with costs to the appellee above and below.*

(Decided March 22nd, 1904.)