# THE COUNTY COMMISSIONERS OF ANNE ARUN-
## DEL COUNTY *vs.* RIDGELY P. MELVIN.

*Compensation of Counsel for Election Supervisors—Mandamus.*

Code, Art. 33, sec. 123, provides that the attorney employed by the Board of Supervisors of Election shall receive such compensation as shall be allowed by the County Commissioners upon the approval of the Circuit Court. Under sec. 38 of said Article, the registration books of the city of Annapolis are revised prior to the biennial municipal elections and the Local Code of that city directs that it shall pay all expenses incurred in conducting its municipal elections and the special registration therefor. The attorney employed by the board represented it in the trial in Court of a number of registration appeal cases prior to a municipal election. *Held*, that these appeals concerned the right of the parties to vote at all elections, and not merely at the municipal election, and that the services rendered by the counsel for the board was such as should be paid for by the County Commissioners under sec. 123.

*Held*, further, that where the bill for legal services rendered by its attorney has been approved by the Board of Election Supervisors, and by the Circuit Court and is presented to the County Commissioners, it is their duty to make provision for its payment, and a writ of *mandamus* will be issued to enforce performance of this duty.

*Decided March 6th, 1908.*

Appeal from the Circuit Court for Anne Arundel County (ROGERS, C. J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

*James W. Owens*, for the appellant.

*Ridgely P. Melvin*, appellee, *in propria persona*.

SCHMUCKER, J., delivered the opinion of the Court.

This appeal was taken from an order of the Circuit Court for Anne Arundel County directing the issue of a *mandamus*

requiring the County Commissioners to pay to Ridgely P. Melvin, Esq., a bill for legal services, rendered to the Boards of Registry and Supervisors of Elections of the County. The services for which the bill was rendered consisted of representing the Boards and Supervisors as counsel in the trial of thirty-nine registration appeal cases at the April Term, 1907, of the Circuit Court.

After rendering the services charged for in the bill Mr. Melvin, who since 1904 has been continuously employed as counsel by the Board of Supervisors of Elections, and registration officers and Judges of Elections of Anne Arundel County, made out his bill, verified it by his affidavit had it certified to as reasonable by several reputable members of the bar and approved by the Board of Supervisors of Elections. He then, after having submitted it to the Circuit Court and received their approval endorsed thereon, presented it to the County Commissioners. The Commissioners acting under the advice of their counsel refused to pay the bill. Mr. Melvin thereupon applied for the *mandamus* to compel them to levy for its payment and, the Commissioners having answered his petition, the Court upon consideration of the matter passed the order appealed from directing the writ to issue.

The material grounds relied on by the Commissioners in their answer to the petition for the *mandamus*, were, *first*, that the bill was properly payable not by them but by the city of Annapolis as part of the expenses of a municipal election because the registration cases in which the services were rendered were those authorized by sec. 38 of Art. 33 of the Code providing for a biennial registration in the city of Annapolis whose City Code provides that the |city "shall pay all expenses incurred in said municipal elections including the expenses of the special registration for the city of Annapolis preceding each municipal election;" and secondly, that the payment of such bills for counsel fees, even after they have been approved by the Circuit Court in conformity with the provisions of sec. 123 of Art. 33 of the Code, is discretionary with the Commissioners until there has been a final judgment against them therefor after a hearing on their part.

The questions presented by the record for our consideration are whether the services rendered by Mr. Melvin in trying the registration appeals were within the contemplation of sec. 123 of Art. 33 of the Code, and if so whether the Commissioners had any discretion as to levying for and paying the bill for those services after it had been approved by the Circuit Court.

Sec. 123 of Art. 33 of the Code provides that "The Boards of Supervisors of elections for the several counties shall have power to employ an attorney, who shall also be the attorney for the judges of election, whether acting as such or as registration officers, to receive such compensation as shall be allowed by the County Commissioners upon the approval of the Circuit Court." Sec. 38 of Art. 33, directs a revision of the registration books of the city of Annapolis to be made "for the purpose of registering new voters and for the correction of said books" prior to the biennial municipal elections in said city. We have not the Code of the city of Annapolis before us but we will assume for the purpose of this opinion that it does provide that the city shall pay all of the expenses of its municipal elections including those of special registrations for the city preceding such elections, as stated in the appellants answer.

We think the services rendered by Mr. Melvin were not only within the spirit and meaning but also within the letter of sec. 123 of Art. 33 of the Code. They were legal services rendered not in the registration office but in Court in the trial of appeals, which the Board of Reigistry were required by sec. 24 of Art. 33 to attend in person or by counsel. The appeals involved the right of the appellants to have their names appear on the public registration of legal voters at all elections not merely at the approaching municipal election, and also the correlative right of the State to preserve an accurate list of those entitled to exercise the right of suffrage. Although the appeals had their origin in the acts or omissions of the officers of registration affecting the rights or supposed rights of the appellants to have their names retained or placed

upon the registry lists for all the purposes thereof, the cost of the litigation in the Circuit Court to determine the nature and extent of those rights can not fairly be regarded as an expense of the registration itself certainly not an expense of a mere municipal election.

We are also of the opinion that when a bill for legal services, of the character here involved, has been approved by the Board of Election Supervisors and also by the Circuit Court and presented to the County Commissioners it becomes their imperative duty to make proper provision for its payment. The written approval of the bill by the board of supervisors of election furnishes appropriate evidence of the exercise by them of their statutory power of employing the counsel and the like approval of the bill by the Court in whose presence the services were rendered sufficiently attests the propriety of the charge made for those services. With those statutory requirements thus complied with the direction appearing in sec. 123 that attorneys compensation shall be allowed by the County Commissioners becomes operative and imperative. We would have no difficulty in arriving at this conclusion if the legal proposition involved were now presented to us for the first time but it has already been similarly passed upon by us, under a slightly different state of facts in *Worcester County* v. *Melvin*, 89 Md. 40.

In that case the County Commissioners had refused to pay or make a levy for a bill of counsel, which had been approved by the Circuit Court for Worcester County, for services rendered under an appointment of that Court in defending a prisoner who had been indicted for murder. Secs. 7 and 8 of Art. 26 of the Code of Public General Laws authorizes the Circuit Courts of the several counties to appoint assistant counsel for the State to aid in the trial of criminal or other State cases whenever in their judgment public interest requires it; and direct the County Commissioners to levy and pay for the services rendered by such counsel. Sec. 266 of Art. 24 of the Public Local Laws, relating to Worcester County provides that "No compensation for defending any party in any

criminal case shall be allowed to any attorney by the County Commissioners except on presentation of an order in writing signed by a Judge of the Circuit Court for said county certifying in what case the services had been rendered and the amount to be paid for such services." The bill there rendered by the attorney was certified to and approved by one of the Judges of the Circuit Court and was then filed with the County Commissioners to be included by them in the annual levy. Upon the refusal of the commissioners to recognize or provide for the bill, the counsel applied for a *mandamus* to compel them to make a levy therefor. In their answer to the petition for the writ the commissioners admitted the facts but insisted that the allowance or non-allowance of the claim was a discretionary matter with them. The Circuit Court ordered the writ to issue as prayed and this Court on appeal affirmed the order. In the very instructive opinion, by the late CHIEF JUDGE McSHERRY, filed in that case will be found a full consideration, supported by citations from many earlier decisions of this Court, of the functions and authority of boards of Couuty Commissioners and other municipal corporations. We there held that the County Commissioners are governmental agents and may be required by the Legislature to make expenditures without any discretion on their part as to the amount or subject matter of the expenditure, and that the legislation requiring them to pay the counsel fee allowed by the Court was entirely free from constitutional objection. We regard the principles there announced as conclusive of the present controversy, so far as concerns the possession of any discretion on the part of the commissioners to determine whether or not to pay the bill, after it had been approved by the Circuit Court.

The question of the propriety of the Circuit Courts' action in approving Mr. Melvin's bill is not before us. That was the exercise by the Court of a special power, conferred on it by statute, to certify to a fact peculiarly within its own knowledge, from which the law has made no provision for an appeal. The power was closely analogous to that conferred by statute

upon the Court to appoint counsel, to defend a prisoner accused of crime, and to fix the compensation for his services which formed the subject of consideration by us in *Worcester County* v. *Melvin, supra.*

For the reasons stated in this opinion the order appealed from must be affirmed.

*Order affirmed with costs.*