| 90  | 311 |
|-----|-----|
| 112 | 170 |

| 90  | 311 |
|-----|-----|
| 150 | 152 |

JOSEPH R. McLAUGHLIN ET AL v. SAMUEL W. BUR-
ROUGHS, PROSECUTING ATTORNEY OF
WAYNE COUNTY.

*Public officers—Removal—Opinion of prosecuting attorney—*
*Mandamus.*

*Mandamus* will not lie to compel the prosecuting attorney of a
county to make and attach to a petition for the removal of a
public officer a statement that, in his opinion, the case demands
investigation, which statement is required by How. Stat. § 653,
in order to give the Governor jurisdiction over such removal.

*Mandamus.*   Argued   February   16,   1892.   Denied
February 18, 1892.

Relators applied for *mandamus* to compel respondent
to make and attach to a petition for the removal of a
public officer a statement that, in his opinion, the case
demanded investigation, as provided by How. Stat. § 653.
The facts are stated in the opinion.

*W. W. Chapin* and *Henry A. Haigh,* for relators.

*Samuel W. Burroughs,* Prosecuting Attorney, in *pro.*
*per.,* contended for the doctrine of the opinion.

PER CURIAM.   Five citizens and electors of the city of
Detroit signed a petition, duly verified, to the Governor
of the State, praying for the removal from office of alder-
man James Lennane, and alleging as the ground for such
removal that he was guilty of official misconduct as chair-
man of the board of election inspectors in the fourth
district of the Sixth ward of the city of Detroit, which
resulted in the disfranchisement of many electors, at the
election held in said city on the 3d day of November,
1891.

This petition, accompanied by many affidavits, was presented to the respondent, requesting him to indorse thereon his opinion that the case demanded investigation. On January 22, 1892, respondent wrote Mr. McLaughlin a letter, giving at length his reasons for withholding his opinion. The petitioners have applied to this Court for the writ of *mandamus* to compel the respondent to make and attach to said petition a statement that, in his opinion, the case demands investigation.

It is unnecessary to discuss the merits of the case made by the petition and the affidavits accompanying it, as we are all of the opinion that this Court has no jurisdiction in the matter. It is provided by the Constitution:

"The Legislature shall provide by law for the removal of any officer elected by a county, township, or school-district, in such manner, and for such cause, as to them shall seem just and proper." Article 12, § 7.

Under this constitutional provision the Legislature has enacted that the Governor may remove all county officers chosen by the electors of any county or appointed by him, and shall also remove all justices of the peace and township officers chosen by the electors of any township, or city or village officers chosen by the electors of any city or village, when he shall be satisfied from sufficient evidence submitted to him, as provided in the statute, that such officer has been guilty of official misconduct or of willful neglect of duty, etc.; but that the Governor shall take no action upon any such charges until the same shall have been exhibited to him in writing, verified by the affidavit of the party making them that he believes the charges to be true, "with a statement of the prosecuting attorney of the county that, in his opinion, the case demands investigation." How. Stat. § 653. The respondent, in his answer, alleges that he has examined

the petition, and that, in his opinion, the case does not demand investigation.

The Governor can obtain jurisdiction over the removal of an officer only in the method provided by this statute. It is entirely, under the Constitution, within the jurisdiction of the Legislature to determine what the proceedings shall be. These proceedings must be strictly followed. *Dullam v. Willson,* 53 Mich. 393; *Metevier v. Therrien,* 80 Id. 188. Neither the Constitution nor the statute confers upon this Court the power to substitute its own opinion for the opinion of the prosecuting attorney. Should this Court, by the writ of *mandamus,* compel the respondent to make this statement, it would simply be directing him to attach to or indorse upon the petition, not his own opinion, but the opinion of this Court. This involves an examination and determination of the merits of this application by this Court, and the conclusion by it that the prosecuting attorney has abused his discretion. He has acted, and has expressed his opinion adversely to the petitioners. The petitioners appear to recognize that the statute imposes upon the prosecuting attorney the duty to investigate, to exercise his discretion, and give his opinion; for in their petition they assert that the respondent has abused this discretion. If this Court may review the action of the prosecuting attorney in refusing to attach the statement, it may also review his discretion in making the statement of his opinion. The statute confers no such power or jurisdiction. Only when such officers refuse to act has this Court jurisdiction, and that extends no further than to set them in motion, and compel them to take action. When such officers, under the law, have exercised their discretion, this Court cannot review it. *People v. Judge,* 16 Mich. 204; *People v. Judge,* 20 Id. 220; *Mixer v. Supervisors,* 26 Id. 422; *Evans v.*

*Judge,* 39 Id. 123; *Houghton Co. v. Auditor General,* 36 Id. 271.

It is proper to note that section 45 of Act No. 190, Laws of 1891, provides a severe penalty for the violation of any of the provisions of the election law under which the election in this case was held. The people are therefore not without a remedy in cases where officers have willfully violated the law.

The writ must be denied.

LONG, J., took no part in the decision of this case.