# JOHN E. POTEE

## vs.

# THE COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY.

*Annexation Act—Salary of Police Justice—Mandamus.*

The Annexation Act (Acts 1918, ch. 82), providing that any and every person holding any office in Anne Arundel County, who may be a resident within the territory annexed by the Act to Baltimore City, shall continue to hold such office until the termination of his then pending term, *held* that the police justice for the Fifth District of that county was entitled to be paid his salary by the County Commissioners of that county for the balance of the term for which he was appointed.   p. 385

Upon refusal by the County Commissioners to pay a salary legally due by them, they may be directed by mandamus to levy and pay the salary for the months named in the petition.
p. 386

Acts 1918, ch. 103, providing that the monthly salary of the police justice of the Fifth Election District of Anne Arundel County shall be payable "on the day of his making his report," and Acts 1894, ch. 301, sec. 176D, requiring such justice to make each month a full report in writing and under oath as to all criminal cases tried before him, *held* that he was not entitled to mandamus to compel the payment of his salary until he had made such report.

*Decided April 8th, 1921.*

Appeal from the Circuit Court for Anne Arundel County (Moss, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*A. Theodore Brady,* for the appellant.

*Ridgely P. Melvin,* for the appellee.

BRISCOE, J., delivered the opinion of the court.

This is an application for the writ of mandamus, to require the defendants, the County Commissioners of Anne Arundel County, to pay the salary of the petitioner, John E. Potee, a Police Justice of the Fifth District of Anne Arundel County, for the months of January, February, March, April, May and June, 1919.

The petition alleges that Mr. Potee had been appointed by the Governor of the State to the office of Police Justice of the State of Maryland for the Fifth District of Anne Arundel County, for a term of two years from the first Monday in May, 1918, that he had been duly commissioned and had entered upon the duties of the office, after qualifying as required by Chapter 301 of the Acts of 1894, a Local Law for Anne Arundel County.

The petition further alleges that the salary of the Police Justice of the Fifth Election District of Anne Arundel County was fixed by Chapter 103 of the Acts of 1918, which provides that the Police Justice of the Fifth District of that county, for his services in criminal cases, shall receive from the County Commissioners the sum of one hundred and ten dollars per month, payable in cash, or by levy equivalent to cash, on the day of his making his report as hereinbefore provided, and he shall not receive, directly or indirectly, any other fees or compensation in criminal cases or cases of violation of any of the laws of the State.

The petition then alleges that the defendants paid to your petitioner the monthly salary, amounting to one hundred and ten dollars, as provided by law, until January, 1919, but since that time refuses to pay his salary for the months of January, February, March, April, May and June, 1919, although a demand has been made therefor, and your petitioner

has been performing the duties of the office since his qualification under his appointment.

The defendant, the County Commissioners, answered the petition, admitting some of its allegations, but avers that the petitioner has not rendered any service to the county since January 1, 1919, nor exercised or performed the duties or functions of the office since that date, so far as Anne Arundel County is concerned, and there is no obligation resting upon the County to pay the salary of the petitioner from and after that date.

The defendant by its answer takes the further position that the status of the office of police justice for the fifth district of the county, in so far as the payment of the salary of the petitioner by the County Commissioners of Anne Arundel County is concerned, was changed by Chapter 82 of the Acts of 1918, known as "the Annexation Act," and the duty and liability for the payment of this salary were transferred to the Mayor and City Council of Baltimore City, and the County Commissioners of Anne Arundel County were thereby relieved entirely from its payment.

To this answer of the defendants the petitioner demurred, and the Court below sustained the demurrer, and held that, while the salary was payable under the provisions of Chapter 301 of the Acts of 1894, as amended by Chapter 103 of the Acts of 1918, it appeared that the petitioner had not made the report in writing, verified under oath, as required by Section 176D of the Act, and he was not, therefore, entitled to the relief sought by the petition.

Subsequently, on the 2nd of December, 1919, leave was obtained to amend the petition for mandamus, and on the 20th of April, 1920, an amended petition was filed wherein it is alleged, in addition to the averments in the original petition:

"That in compliance with chapter 301 of the Acts of 1894, section 176D, your petitioner, on or about the first of each and every month, made a written report,

verified under oath before the clerk of said County Commissioners, up to January 1st, 1919. That as he had no criminal business during the months of January, February, March, April and May, he did not make a written report to the said Commissioners, but informed the president of the board that he had no criminal business during these months to report; but shortly before the first regular meeting of the said County Commissioners, held in the month of July, 1919, your petitioner made a written report of all criminal cases brought before him from the first day of January, 1919, to the first day of July, 1919, and paid to the County Commissioners all fines collected during that period."

The defendants answered the amended petition, and denied that the petitioner had complied with the statute, in making the monthly reports, as required by the Act, and that the petitioner was not entitled to the writ as prayed.

Thereupon testimony appears to have been taken before the court, and the case was submitted to the court for its determination upon the following agreement of counsel:

"It is agreed upon by the counsel for the plaintiff and defendant that the Court, in deciding this case, is to take into consideration only the question whether the plaintiff is entitled to be paid for his services by the County Commissioners of Anne Arundel County, after the first day of January, 1919, without considering any irregularities of pleading."

From an order of court, passed on the 27th day of September, 1920, denying the relief asked by the petitioner and dismissing the petition, this appeal has been taken.

The controlling question, then, presented by the record and submitted for decision in the case, it will be seen, is this: Did the Annexation Act (Ch. 82, Acts of 1918), providing for the extension of the limits of Baltimore City by including therein parts of Baltimore County and Anne Arundel

County, abolish or affect the office of police justice of the Fifth Election District of Anne Arundel County, and relieve that county from the payment of his salary after the first day of January, 1919, as fixed and required by Chapter 301 of the Acts of 1894, as amended by Chapter 103 of the Acts of 1918.

The answer to this question, it seems to us, is made quite clear by Section 18 of the Annexation Act itself, which distinctly provides, that any and every person holding any State or County office in Baltimore County or Anne Arundel County, and who may be a resident within the territory annexed by this Act to Baltimore City, at the time of the passage of the Act, shall continue to hold such office until the termination of his then pending term, as if this Act had not been passed.

It appears that the appellant, Mr. Potee, had been appointed to the office of police justice for a term of two years from the first Monday in May, 1918, and it is clear that he was entitled, by the express terms of the Annexation Act itself, relied upon by the appellee, to hold the office until the termination of the term for which he had been appointed.

It is conceded that the monthly salary provided by Chapter 103 of the Acts of 1918 had been paid by the County Commissioners to the petitioner until January 1, 1919, and as the term for which the appellant had been appointed had not expired prior to the six months for which he applied for his salary, to wit, January, February, March, April, May and June, 1919, it would be clearly the duty of the County Commissioners to make proper provision for its payment, in cash or by levy, as provided by law. Acts 1894, Ch. 301, Sec. 176D; Acts 1918, Ch. 103.

We hold, therefore, upon the main question, that the County Commissioners of Anne Arundel County are liable for the payment of the salary of the petitioner, as provided by Chapter 103 of the Acts of 1918, which was passed and approved,

subsequent to the Annexation Act, Chapter 82, Acts of 1918, and upon making his report, as required by Section 176D of Chapter 301 of the Acts of 1894, he will be entitled to be paid the salary, and upon refusal, the County Commissioners of Anne Arundel County would be directed by mandamus to levy and pay the same for the months named in the petition. *Anne Arundel Co.* v. *Melvin,* 107 Md. 535; *Tull* v. *Sterling,* 133 Md. 166; *Price* v. *Ashburn,* 122 Md. 514; *Brown* v. *Bragunier,* 79 Md. 234.

While we hold that the County Commissioners are clearly liable for the monthly salary of the petitioner, we think the Court below was right in refusing the application for a mandamus on the record now before us, because it does not sufficiently appear that the petitioner brought himself within the requirements of the Act of 1894, Chapter 301, Section 176D, in making the necessary reports, to entitle him to be paid his monthly salary, to justify the court in granting the writ.

It is well settled that, in an application for a mandamus, all the facts necessary to the granting of the writ must be stated and proven or admitted on the record. *Sudler* v. *Lankford,* 82 Md. 148; *McCurdy* v. *Jessop,* 126 Md. 324.

By Section 176D of the Acts of 1894, Chapter 301, it is provided that

> "The police justice of the Fifth District of said county shall, at the first regular meeting of the County Commissioners, held in each month, make a report in writing, verified under oath, made before the clerk of said commissioners, or one of the commissioners, of all criminal cases heard or tried before him during the preceding month, which report shall state in each case the name of the defendant, the offence charged, the name of the person upon whose complaint the warrant was issued, the number of witnesses summoned, the name of the officer serving the warrant and summonses, the judgment rendered, the amount of fine or penalty imposed, the amount of costs taxed, which shall include all constables' costs and constables'

fees, where process is served by police officers acting
with authority of constables, and the amount of fine
and costs collected by him, and all such fines and costs,
including constables' and officers' fees for serving war-
rants, and all other process which in all cases shall be
properly taxed and collected shall, at the time of mak-
ing his report, be paid to the order of the County
Commissioners."

And by Chapter 103 of the Acts of 1918 it is provided that:
"The police justice of the Fifth Election District
of said county for his services in criminal cases shall
receive from the County Commissioners the sum of
one hundred and ten dollars per month, payable in
cash or by levy equivalent to cash, on the day of his
making his report as hereinafter provided; and he
shall not receive directly or indirectly any other **fees**
or compensation in criminal cases or cases of the viola-
tion of any of the laws of the State."

The appellant would not now be precluded from making
his report or reports as required by the statute, and bringing
himself within its terms as to the payment of the monthly
salary fixed by the Act of 1918, Chapter 103, and to be paid
the amount claimed by him on the day of making his report.

For the reasons stated we will affirm the order refusing the
mandamus and dismissing the appellant's petition, but the
costs of these proceedings will be directed to be paid by the
County Commissioners of Anne Arundel County.

*Order affirmed, costs to be paid by the County
Commissioners.*