## WILLIAM F. BRACK *v.* J. BERNARD WELLS, STATE'S ATTORNEY OF BALTIMORE CITY

[No. 17, October Term, 1944.]

*Decided November 1, 1944.*

Modification denied; opinion filed December 20, 1944.

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, J.J.

*William F. Brack,* in proper person.

*William C. Walsh, Attorney General, J. Edgar Harvey, Assistant Attorney General* and *Thomas N. Biddison, Assistant State's Attorney of Baltimore City* for the appellee.

COLLINS, J., delivered the opinion of the Court.

The appellant, William F. Brack, filed in the Baltimore City Court an amended petition for writ of mandamus. He alleged in general that he was a citizen and taxpayer of Baltimore City; that the case of *Stoudenmire v. Brack,* previously decided in the Circuit Court of Baltimore City, was instituted because of solicitation and as a result thereof, Mrs. Stoudenmire holds a signed assurance that in the event the case is lost, the barrators will pay the court costs with no cost to her; that all of this is contrary

to law and in violation of the statute against barratry. He further alleged that the testimony in that case was falsely given by a lawyer, since disbarred on other charges, in violation of the statute against perjury; that the case was instituted as a result of a conspiracy to defraud the petitioner of money and property; that the petitioner had presented the facts in the case to a magistrate in the Central Police Station who refused any action thereon; that evidence of all such acts in violation of law had been repeatedly presented to J. Bernard Wells, State's Attorney for Baltimore City, who has continuously refused to take any action thereon; that said refusal is arbitrary and capricious and in violation of his oath of office and his duty to uphold justice in this State and to maintain the integrity of Courts of Baltimore City. He asked that a writ of mandamus be issued directed to J. Bernard Wells, State's Attorney of Maryland for Baltimore City, commanding him to present such evidence fully and completely to the grand jury of Baltimore City. The Judge of the Baltimore City Court by an order refused the writ, and the appellant appeals to this Court from that order.

An affidavit by the applicant to a petition for a writ of mandamus is required by Code, 1939, Article 60, Section 1. No affidavit was made by the petitioner to the application in this case.

The petition is lacking in the allegation of important facts necessary to constitute the crimes of barratry and perjury. Code, 1939, Article 27, Sections 14, 15; *Hochheimer on Criminal Laws*, 2d Ed., Section 269; Code, Article 27, Section 527; *Hochheimer*, supra, Section 404. In an application for mandamus all the facts necessary for the writ must be stated and proved or admitted on the record. *Sudler v. Lankford*, 82 Md. 142, 148, 33 A. 455; *McCurdy v. Jessop*, 126 Md. 318, 324, 95 A. 37; *Potee v. County Commissioners of Anne Arundel County*, 138 Md. 381, 113 A. 884.

The writ of mandamus is not granted *ex debito justitiae*. Where the duty which the respondent refuses to

perform is not purely ministerial, the writ will not be granted nor will it be granted unless the right which the petitioner seeks to enforce is clear and unequivocal. *Hall v. State Roads Commission,* 171 Md. 449, 453, 189 A. 206; *Buchholtz v. Hill,* 178 Md. 280, 288, 13 A. 2d. 348; *Walter v. Montgomery County,* 179 Md. 665, 668, 22 A. 2d 472. When an act rests by statute in the discretion of a person or depends upon personal judgment, the writ of mandamus will not lie. *Devin v. Belt,* 70 Md. 352, 354, 17 A. 375; *Red Star Line v. Baughman,* 153 Md. 607, 139 A. 291; *Durkee v. Murphy,* 181 Md. 259, 29 A. 2d 253.

By the Constitution of Maryland, Article 5, Section 9, the State's Attorney shall perform such duties as may by law be prescribed. By Section 33 of Article 10 of the Code, 1939, that officer is required to "prosecute and defend, on the part of the State, all cases in which the State may be interested." In such prosecutions of persons accused of crime, he must exercise a sound discretion to distinguish between the guilty and the innocent. He must be trusted with broad official discretion to institute and prosecute criminal causes, subject generally to judicial control. The office is one not purely ministerial, but involves the exercise of learning and discretion. 42 *American Jurisprudence,* p. 245. As a general rule, whether the State's Attorney does or does not institute a particular prosecution is a matter which rests in his discretion. Unless that discretion is grossly abused or such duty compelled by statute or there is a clear showing that such duty exists, mandamus will not lie. 38 *Corpus Juris,* p. 623; *Boyne v. Ryan,* 100 Cal. 265, 34 P. 707; *McLaughlin v. Burroughs,* 90 Mich. 311, 51 N. W. 283; *State v. Talty,* 166 Mo. 529, 66 S. W. 361. There is no allegation in the petition in this case that such discretion was grossly abused, nor do the facts as set out constitute gross abuse of discretion. The statement that he acted arbitrarily and capriciously is a conclusion of the pleader.

It is well settled in this State that a writ of mandamus will not be granted where the petitioner has a specific and adequate legal remedy to meet the justice of the par-

ticular case and where the law affords other adequate remedy. *Brown v. Bragunier,* 79 Md. 234, 236, 29 A. 7; *Hummelshine v. Hirsch,* 114 Md. 39, 46, 47, 79 A. 38; *Walter v. Montgomery County,* supra, 179 Md. at page 668, 22 A. 2d 472. He complains that the State's Attorney for Baltimore City has refused to take any action in this case presented to him and asks that he be compelled to present the case to the grand jury. The petitioner, himself, has a specific and adequate remedy to meet the justice of this case, and the law affords him other adequate remedy.

That other adequate remedy to which the petitioner is entitled is that of personally presenting his case to the grand jury of Baltimore City. Whether the petitioner should without formality present himself at the door of the grand jury room and ask to state his case or whether he should communicate with the foreman of the grand jury and ask for an opportunity to appear before that body is not for this Court to say. The members of the grand jury in their oath prescribed by the common law, in addition to other things, swore that they would diligently inquire and true presentment make of all such matters and things as shall be given them in charge *or shall otherwise come to their knowledge.* The inquisitorial powers of the grand jury are not limited to cases in which there has been a preliminary proceeding before a magistrate nor to cases laid before them by the Court or State's Attorney. Whatever may be the duties and powers of that important body in other jurisdictions, in Maryland those inquisitorial powers are broad, full and of a plenary character. Our predecessors, speaking through Judge McSherry in the case of *Blaney v. State,* 74 Md. 153, 156, 21 A. 547, 548, said: "However, restricted the functions of grand juries may be elsewhere, we hold that in this State they have plenary inquisitorial powers, and may lawfully themselves, and upon their own motion, originate charges against offenders, though no preliminary proceedings have been had before a magistrate, and though neither the Court nor the State's

Attorney has laid the matter before them. The peace, the government, and the dignity of the State, the well-being of society, and the security of the individual demand that this ancient and important attribute of a grand jury should not be narrowed or interfered with when legitimately exerted." In that same case and at the same reference is contained a very pertinent quotation as to the duties of the grand jury in language which cannot be improved upon here: " 'To them is committed the preservation of the peace of the county; the care of bringing to light for examination, trial, and punishment, all violence, outrage, indecency, and terror; everything that may occasion danger, disturbance, or dismay to the citizen. They are watchmen, stationed by the laws to survey the conduct of their fellow-citizens, and inquire where and by whom public authority has been violated or the laws infringed.' " These broad inquisitorial powers of the grand jury in this State have been further affirmed in many other cases among which are: *In re Report of Grand Jury,* 152 Md. 616, 621, 137 A. 370; *Coblentz v. State,* 164 Md. 558, 566, 166 A. 45, 88 A. L. R. 886; *Hitzelberger v. State,* 173 Md. 435, 440, 196 A. 288. Under these broad inquisitorial powers the grand jury may, of course, investigate a case which the State's Attorney, in his discretion, has decided not to present to that body. Upon the proper functioning of the grand jury the lives, security, and property of the people largely depend.

For the reasons herein given the writ of mandamus was properly refused.

*Order affirmed with costs.*

COLLINS, J., delivered the following opinon on Motion for Modification:

A motion has been filed in this case by the appellee to strike out paragraphs 6 and 7 of this opinion in which it was stated that the appellant was entitled to appear in person before the grand jury of Baltimore City and present his case to that body, for the reason that such para-

graphs are not necessary for the purpose of a decision of the case and that the grand jury might be required to devote much of its time to complaints which are entirely devoid of merit and thus may be deprived of the opportunity of making thorough and painstaking investigations of matters which may be properly placed before them and interfere with the proper administration of justice. The authority relied on in the motion is the charge of Justice Field to Grand Jury, C. C. Cal. 1872, 30 Fed. Cas. Page 992, No. 18,255, 2 Sawy. 667.

The grand jury at common law has the power to prefer indictments at the instance of private prosecutors. *Thompson & Merriam, Juries,* Sec. 609 (1882) ; *Regina v. Russell Car. & M.,* 247 ; *In re Opinion to Governor,* 1939, 62 R. I. 200 4 A. 2d 487; *People v. Sheridan,* 1932, 349 Ill. 202, 208, 181 N. E. 617, 619; *People ex rel. v. Graydon,* 1929, 333 Ill. 429, 433, 164 N. E. 832, 839; *Blaney v. State,* 74 Md. 153, 21 A. 547. In some states this power has been removed by judicial decisions. *McCullough v. Commonwealth,* 1870, 67 Pa. 30. A recent case on the question here considered is that of *People v. Parker,* 1940, 374 Ill. 524, 30 N. E. 2d 11 (certiorari denied by Supreme Court of United States, *Parker v. People,* 313 U. S. 560, 85 L. Ed. 1520), decided by the Supreme Court of Illinois, where a citizen attempted to communicate to the grand jury a charge of conspiracy by public officials, including the State's Attorney. The Court held in that case that such a citizen was in contempt and that if he possessed any information justifying the accusation of anyone, he should impart the information to the State's Attorney, and if he refused to act, the citizen could then make his complaint to a committing magistrate. A material difference between that case and the one before this Court is that in the case now before us, the appellant has communicated with the State's Attorney who has refused to act and has preferred the charge before a committing magistrate who has also refused to act. This Illinois case was reviewed in 8 *University of Chicago Law Review* 561, 3 (1940-1941), where it is pointed out

94

that if the police and public prosecutor refuse to act, the magistrate's warrant with the resulting examination is inadequate, as that officer does not possess broad investigatory powers and that this decision will operate as a severe restriction upon the giving of aid by private persons in the prosecution of offenses of public officials. *People ex rel. Livingston v. Wyatt*, 186 N. Y. 383, 79 N. E. 330. Further that by allowing a citizen to present information as to crimes of public officials to a grand jury might tend to cause the grand jury to become a political weapon and might seriously cripple the normal operation of government. Reference is there made to the fact that the grand jury's power is a menace to organized crime and refers to 12 Panel 32 (1934) (Grand Jury Association of New York County) for a condemnation of cases deviating from the common law rule. The suggestion is made of the desirability of the plan urged by the Wickersham Report and adopted in some states which provides for the grand jury meeting at regular intervals for the express purpose of investigating the conduct of public officials, and thus the desired prosecution of malfeasance in office could be had without the intervention of a private prosecutor and the difficulties and dangers which such intervention entails. See National Commission on Law Observance and Enforcement (Wickersham Commission) Report on Prosecution 36 (1931). No such plan has been adopted in Maryland. This article concludes that this Illinois case did not in terms reverse the common law rule and that the early common law rule still exists in Illinois.

The charge of Justice Field, supra, is now sustained in the Federal Court by a Federal statute, 35 Stat. 1113, Sec. 135, March 4, 1909, 18 U. S. C. A. Sec. 241. However, in the case of *Hale v. Henkel*, 1906, 201 U. S. 43, 50 L. Ed. 652, in referring to the quotation from the case of *Blaney v. State*, 74 Md. 153, 21 A. 547, supra, and also to the charge of Justice Field in the California case supra, and quoting from the case of *Frisbie v. United States*, 157 U. S. 160, at Page 163, 39 L. Ed. 657, the

Court states: "But in this country is for the grand jury to investigate any alleged crime, no matter how or by whom suggested to them, and, after determining that the evidence is sufficient to justify putting the party suspected on trial, to direct the preparation of the formal charge or indictment." In some jurisdictions the grand jury has been largely eliminated as pointed out in the article in the *University of Chicago Review*, supra. In England it has been recently abolished. *Lieck, Abolition of Grand Jury in England*, 25 J. Crim. Law, 623 (1934).

According to *Wharton's Criminal Procedure*, Sec. 1264 (10th Ed. 1918), Courts have divided on this question. It appears to be held illegal in *McCullough v. Commonwealth*, 67 Pa. 30, supra, *United States v. Kilpatrick*, D. C. N. C. 1883, 16 F. 765, and is held to be permissible conduct in *State v. Stewart*, 1893, 45 La. Ann. 1164, 14 So. 143; *King v. Second Nat. Bank & Trust Co.*, 1937, 234 Ala. 106, 173 So. 498; *Hott v. Yarborough*, 1922, 112 Tex. 179, 245 S. W. 676.

The appearance of persons before a grand jury to prevent an indictment or influence matters then before that body is not permissible. *Hitzelberger v. State*, 173 Md. 435, 196 A. 288; *Duke v. United States*, 4 Cir., 90 F. 2d 840; *Harwell v. State*, 10 Lea 544, 78 Tenn. 544.

It was said in the case of *In re Lester, Mayor*, 1886, 77 Ga. 143, at Page 148: "It is the right of any citizen or any individual of lawful age to come forward and prosecute for offenses against the State, or when he does not wish to become the prosecutor, he may give information of the fact to the grand jury, or any member of the body, and in either case, it will become their duty to investigate the matter thus communicated to them, or made known to one of them, whose obligation it would be to lay his information before that body." And further in the case of *State v. Stewart*, 45 La. Ann. 1164, 14 So. at Page 145, supra: "It is complained by the defendant that one S. A. Morgan, the leading state witness, went without summons or request before the grand jury, and gave his own version of the case against defendant, and

instituted this prosecution. The witness had the undoubted right to go before the grand jury voluntarily, and disclose his knowledge of the case. As a good citizen, it was his duty to do so. No one can be excused for withholding knowledge of a crime from the public until he is summoned to give his testimony of its commission." *Hott v. Yarborough,* 112 Tex. 179, 245 S. W. 676, supra.

It seems, therefore, from the cases herein cited, which might not be all on that subject, that the right of a private person to appear before the grand jury to make a complaint has been affirmed in the states of Louisiana, Alabama, Texas, and Georgia and denied in the states of Pennsylvania and also denied in Tennessee, where the witness was not under oath. The Illinois Court seems to hold that there is adequate remedy before a magistrate and redress must be first sought there. The Federal decisions are not controlling, as there is a Federal statute on the subject. The broad common law inquisitorial powers of the grand jury never have been curtailed by statute in this State but have been reaffirmed as set out in the opinion in this case. As stated in the opinion upon which this motion is based, this Court said in the case of *Blaney v. State,* supra, 74 Md. at Page 156, 21 A. at Page 548: "However restricted the functions of grand juries may be elsewhere, we hold that in this State they have plenary inquisitorial powers, and may lawfully themselves, and upon their own motion, originate charges against offenders, though no preliminary proceedings have been had before a magistrate, and though neither the Court nor the State's Attorney has laid the matter before them." This Court further said in the case of *In re Report of Grand Jury,* 152 Md. 616, at Page 622, 137 A. 370, at Page 372: "Presentments are accusations of crime made by the grand jury from their own knowledge or from evidence furnished them by witnesses or one or more of their members. If the presentation of cases before the grand jury in Baltimore City is controlled entirely by the State's Attorney as the appellant contends in his brief, the question naturally arises as to why there

should be a grand jury. It has been the custom in many of the counties of this State for private persons to make complaints to the grand juries. In this State no action has been taken to do away with that important body. The decisions of this Court set out in the opinion stress the importance of that body.

In the case under discussion, as the appellant has made an effort to have a case, which he claims involves a violation of the criminal laws of this State, presented to the grand jury by the State's Attorney, which has been refused, and as he has also made the complaint before a magistrate and a warrant refused, all of which is pointed out in the opinion, we see no reason why he should not have an opportunity, if he so desires, to present his complaint to the grand jury for whatever action that body desires to take. Whether they should present or indict is a matter for them to decide. Therefore, the motion of the appellee to modify the opinion will be denied.

It is the opinion of this Court that every citizen has a right to offer to present to the grand jury violations of the criminal law. This does not mean that an individual member of that body may be approached. The citizen should exhaust his remedy before the magistrate and State's Attorney as was done in the instant case, and if relief can not be had there, he then has the right to ask the foreman of the grand jury for permission to appear before that body.

*Motion for modification of opinion denied.*