<u>REPORTED</u>

<u>IN THE COURT OF SPECIAL APPEALS</u>

<u>OF MARYLAND</u>

No. 0417

September Term, 2015

_____

MONTGOMERY BLAIR SIBLEY

v.

JOHN DOE, ET AL.

_____

Krauser, C.J.,
Berger,
Reed,

JJ.

_____

Opinion by Reed, J.

_____

Filed: April 28, 2016

Montgomery Blair Sibley, the appellant, petitioned the Circuit Court for Montgomery County for a declaratory judgment that he has a right to appear in person before the Grand Jury to present evidence that the President of the United States is violating Maryland criminal law by possessing, displaying, and/or representing to be his own "a fictitious or fraudulently altered government identification document." Md. Code (2002, 2012 Repl. Vol.), Crim. Law ("CL") § 8-303(b). The circuit court, however, refused to enter such a declaratory judgment. Subsequently, the appellant filed this timely *pro se* appeal. He presents five questions for our review, which we have reduced to two and rephrased:[1]

1. Did the circuit court err where it dismissed the appellant's Complaint for Declaratory Relief without making a written declaration of the parties' rights?

2. Did the circuit court commit an abuse of discretion where it denied the appellant's motions for recusal and pre-service discovery?

---

[1] The appellant presented his questions exactly as follows:

I. Did Judge Debelius, III's involvement in this case <u>deny</u> to Sibley a "fair trial in a fair tribunal"?

II. Was Sibley entitled to pre-service discovery to identify the John Doe Defendant?

III. Did the Complaint fail to state a cause of action?

IV. Was Sibley's Right to Access the Grand Jury Tainted by Prosecutorial Misconduct?

V. Whether Significant Grand Jury Policy Issues Should be Addressed by this Court?

For the following reasons, we answer the first question in the affirmative and the second in the negative. Therefore, we shall vacate the judgment below and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2014, the appellant wrote the Honorable John W. Debelius III requesting that he "issue a warrant for the arrest of [President] Barack Hussein Obama" for violating CL § 8-303.[2] Shortly thereafter, on September 22, 2014, the appellant also wrote the Assistant State's Attorney for Montgomery County requesting permission to appear in person before the Grand Jury to present evidence of President Obama's aforementioned alleged violations of Maryland criminal law. The Assistant State's Attorney responded to the appellant by letter dated September 25, 2014. He indicated that "[t]he Grand Jury for Montgomery County, Maryland has considered your request that an investigation be

---

[2] CL § 8-303 provides, in part:

> (b) A person may not, with fraudulent intent:
>
> > (1) possess a fictitious or fraudulently altered government identification document;
> >
> > (2) display, cause, or allow to be displayed a fictitious or fraudulently altered government identification document;
> >
> > (3) lend a government identification document to another or knowingly allow the use of the person's government identification document by another; or
> >
> > (4) display or represent as the person's own a government identification document not issued to the person.

2

opened into whether documents relating to President Obama's eligibility for office are fraudulent . . . [and] declines to investigate this matter." The letter was co-signed by the foreman of the Grand Jury; however, the foreman's signature was illegible.

On October 6, 2014, the appellant filed a Complaint for Declaratory Relief against John Doe, foreman of the Montgomery County Grand Jury. Also on October 6, 2014, the appellant filed a motion to conduct pre-service discovery and a motion to expedite the hearing. Both of these motions were denied by Judge Debelius on October 20, 2014. Therefore, on November 6, 2014, the appellant filed "Verified Emergency Motions to (I) Disqualify the Honorable John W. Debelius III, and (II) Reconsider Orders Denying Motions to Conduct Pre-Service Discovery and to Expedite." The appellant based his motion to disqualify Judge Debelius on the fact that he had previously sent him a letter requesting a warrant for President Obama's arrest, thus making him a witness to the action. Judge Debelius, by Order dated November 6, 2014, denied both the motion to disqualify and the motion for reconsideration.

On December 2, 2014, the State's Attorney for Montgomery County filed a Motion to Intervene and a Motion to Dismiss. On December 19, 2014, Judge Debelius granted the Motion to Intervene, ordering that the State's Attorney be added as a defendant. A hearing on the State's Attorney's Motion to Dismiss was held before the Honorable Michael D. Mason on January 22, 2014. At the conclusion of the hearing, Judge Mason orally granted the Motion to Dismiss subject to the appellant filing an amended complaint. Judge Mason followed up his oral ruling with a written Order of Dismissal dated February 3, 2015. Before that, on January 27, 2015, the appellant filed an Amended Complaint along with a

Motion to Alter or Amend the January 22, 2014, Order of Dismissal. Judge Mason denied the Motion to Alter or Amend on May 11, 2015. Four days later, the appellant timely noted this appeal.

**DISCUSSION**

**I. DISMISSAL OF COMPLAINT FOR DECLARATORY RELIEF**

**A. The Contentions of the Parties**

The parties agree that in granting the Motion to Dismiss the Complaint for Declaratory Relief, the circuit court failed to discharge its duty to make a written declaration of the appellant's rights. Therefore, the parties concur that at the very least a procedural remand for re-entry of judgment is appropriate. Their agreement, however, ends here.

According to the appellant, the circuit court erred in the first place where it granted the State's Attorney's Motion to Dismiss. The appellant advances this argument on a variety of grounds. First, the appellant asserts that under Maryland law, the granting of a motion to dismiss is "rarely appropriate in a declaratory judgment action," *Broadwater v. State*, 303 Md. 461, 465 (1985), and thus was inappropriate here. Second, the appellant contends that the circuit court should have addressed the fundamental question raised in his Complaint for Declaratory Relief, which was whether the pre-conditions established by the Court of Appeals in *Brack v. Wells*, 184 Md. 86 (1944), "improperly impaired [his] Common Law right to directly and in person petition the Grand Jury." Appellant's Br. at 11. Third, the appellant argues the circuit court erred by dismissing the Complaint without addressing issues raised therein that were left unresolved by *Brack*. These include whether,

4

after he has "exhaust[ed] his remedy before the magistrate and state's attorney," *id*. at 97, he has the right to present to the foreman *in person* his request to appear before the Grand Jury, and whether the foreman would thereafter be required to present his request to the body over which he presides. Finally, the appellant assigns error to the fact that "the circuit court failed to declare whether [his] right to access the Grand Jury has been interfered with by prosecutorial misconduct," Appellant's Br. at 15 (emphasis omitted), namely, by the Assistant State's Attorney's alleged declaration to the foreman that he is a "birther lunatic."[3]

The State's Attorney, on the other hand, argues that the circuit court did not err beyond its failure to make a written declaration of the appellant's rights. Accordingly, the State's Attorney asserts the circuit court did not err insofar as it granted the Motion to Dismiss. The State's Attorney, pointing to the holding in *Brack*, contends that private citizens only have the right to *ask* the foreman for permission to appear before the Grand Jury, not the right to present their requests to the foreman *in person*. However, the State's

---

[3] The appellant is among the "groups of people, nicknamed 'birthers,' who continue to question [President Obama's] place of birth and therefore legitimacy as President [under Article II, Section 1, Clause 4 of the United States Constitution]." *Farah v. Esquire Magazine, Inc.*, 863 F. Supp. 2d 29, 31 (D.D.C. 2012), *aff'd sub nom. Farah v. Esquire Magazine*, 736 F.3d 528 (D.C. Cir. 2013). In fact, the appellant has previously filed at least three lawsuits in the United States District Court for the District of Columbia challenging President Obama's eligibility for office. *See Sibley v. Obama*, 866 F. Supp. 2d 17, 18 (D.D.C. 2012), *aff'd*, 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012) ("[Mr. Sibley] asserts so-called 'birther' claims against President Barack Obama, aiming to have him ousted from office and to have his name removed from the ballot in November 2012 because he supposedly was not born in the United States."); *Sibley v. Obama*, 121-CV-1832 JDB, 2012 WL 6625813 (D.D.C. Dec. 19, 2012), *aff'd*, 522 F. App'x 2 (D.C. Cir. 2013); *Sibley v. Alexander*, 916 F. Supp. 2d 58 (D.D.C. 2013).

Attorney argues that in this case the appellant did not even trigger his right to ask the foreman for permission to appear because he did not "exhaust his remedy before the magistrate and state's attorney." *Brack*, 184 Md. at 97. The State's Attorney asserts that while the appellant apparently read "magistrate" in *Brack* to mean the circuit court, "the Court's reference to 'magistrate' in 1944 is equivalent to 'District Court Commissioner' in 2015." Appellee State's Attorney's Br. at 5.

In response to the appellant's contention regarding prosecutorial misconduct in connection with the Assistant State's Attorney's statement to the foreman that he is a "birther lunatic," the State's Attorney argues that "[u]nder Maryland law, . . . there is no prohibition against prosecutors communicating to a grand jury their opinions about allegations before the jury, including the credibility of those who make the allegations."

### B. Standard of Review

We have recently explained that we

> conduct[] a *de novo* review of the circuit court's granting of a motion to dismiss, *see Gomez v. Jackson Hewitt, Inc.,* 427 Md. 128, 142, 46 A.3d 443 (2012), applying the same standard as the circuit court and determining whether that decision was legally correct. *See Reichs Ford Rd. Joint Venture v. State Roads Comm'n,* 388 Md. 500, 509, 880 A.2d 307 (2005) (citing *Adamson v. Corr. Med. Servs.,* 359 Md. 238, 246, 753 A.2d 501 (2000)). "The appellate court accords no special deference to the circuit court's legal conclusions." *Patton,* 437 Md. at 95, 85 A.3d 167.

*Margolis v. Sandy Spring Bank*, 221 Md. App. 703, 713-14 (2015). Thus, because we apply the same standard as the circuit court, we are required to

> assume[] the truth of the complaint's factual allegations and of any reasonable inferences that can be drawn therefrom. *See,*

*e.g., Patton v. Wells Fargo Fin. Md., Inc.,* 437 Md. 83, 95, 85 A.3d 167 (2014) (citing *Bobo v. State,* 346 Md. 706, 708, 697 A.2d 1371 (1997)). A court, however, need not accept the truth of pure legal conclusions. *See, e.g., Shepter v. Johns Hopkins Univ.,* 334 Md. 82, 103, 637 A.2d 1223 (1994); *John B. Parsons Home, LLC v. John B. Parsons Found.,* 217 Md. App. 39, 69, 90 A.3d 534 (2014) (quoting *Shenker v. Laureate Educ., Inc.,* 411 Md. 317, 335, 983 A.2d 408 (2009)) ("'[m]ere conclusory charges that are not factual allegations need not be considered'"). Moreover, "[a]ny ambiguity or uncertainty in the allegations bearing on whether the complaint states a cause of action must be construed against the pleader." *Shenker,* 411 Md. at 335, 983 A.2d 408; *John B. Parsons,* 217 Md. App. at 69, 90 A.3d 534.

A court should dismiss a complaint for failure to state a claim only if the alleged facts and reasonable inferences would fail to afford relief to the plaintiff. *Bobo,* 346 Md. at 709, 697 A.2d 1371.

*Margolis*, 221 Md. App. at 713.

### C. Analysis

The seminal case on the issue of what rights a private citizen has when he or she desires to present evidence of criminal violations to the Grand Jury is *Brack*, *supra*. The Court of Appeals summarized its holding in that case as follows:

It is the opinion of this Court that every citizen has a right to offer to present to the grand jury violations of the criminal law. This does not mean that an individual member of that body may be approached. The citizen should exhaust his remedy before the magistrate and state's attorney as was done in the instant case, and if relief can not [sic] be had there, he then has the right to ask the grand jury for permission to appear before that body.

*Id.* at 97. The State's Attorney argues that this holding stands not for the notion that a private citizen has the right to present *in person* before the foreman, but rather for the idea

7

that he or she has the right to *ask* the foreman for the permission to appear before the Grand Jury. We agree and shall explain.

The Court of Appeals' holding in *Brack*, as we see it, is straightforward. Its core is that "every citizen has a right to offer to present to the grand jury violations of the criminal law." *Id.* Conveniently, the Court of Appeals left no room for ambiguity regarding what this right entails. For example, the Court clearly stated that the existence of the right "does not mean that an individual member of [the Grand Jury] may be approached." *Id.* (underline added). In addition, the Court described how a citizen is to go about exercising his right to offer to present evidence to the Grand Jury as follows: "The citizen should exhaust his remedy before the magistrate and state's attorney[,] . . . and if relief can not [sic] be had there, he then has the right to ask the grand jury for permission to appear before that body." *Id.*

In the case *sub judice*, the appellant first wrote Judge Debelius to request the issuance of an arrest warrant for President Obama. He then wrote the Assistant State's Attorney to request permission to appear before the Grand Jury to present evidence of President Obama's alleged violations of Maryland criminal law. His latter request was responded to on February 5, 2015, in the form of a letter signed by the foreperson of the Grand Jury. That letter contained the following:

> On January 29, 2015, the Grand Jury for Montgomery County, Maryland received a sealed packet from you asking that in [sic] investigation be opened into whether documents relating to President Obama's eligibility for office are fraudulent. The Grand Jury declined to investigate this matter.

8

Therefore, we agree with the State's Attorney that "[the appellant] has exercised his right to ask the . . . foreperson for permission to present his allegations to the grand jury." Appellee State's Attorney's Br. at 4. We also agree with the State's Attorney that the appellant does not have the right to appear *in person* before the foreman. *See Brack*, 184 Md. at 97 ("It is the opinion of this Court that every citizen has the right to offer to present to the grand jury violations of the criminal law. This does not mean that an individual member of that body may be approached." (underline added). Here, unlike *Brack*,[4] the Assistant State's Attorney delivered the appellant's request to the foreman. Therefore, the appellant's rights with respect to the Grand Jury have not been violated, and thus the circuit court did not err in granting the Motion to Dismiss the Complaint for Declaratory Relief.[5]

However, we agree with both parties that the circuit court erred in dismissing the Complaint for Declaratory Relief without making a formal declaration of the appellant's rights. The Court of Appeals held in *Harford Mut. Ins. Co. v. Woodfin Equities Corp.*, 344 Md. 399 (1997), that

> [t]he fact that the side which requested the declaratory judgment did not prevail in the circuit court does not render a written declaration of the parties' rights unnecessary. As this Court stated many years ago, "whether a declaratory judgment

---

[4] "In the case under discussion, . . . the appellant has made an effort to have a case, which he claims involves a violation of the criminal laws of this State, presented to the grand jury by the state's attorney, which has been refused[.]" *Brack*, 184 Md. at 97.

[5] In reaching this holding, we agree with the State's Attorney that the appellant's rights were not violated when the Assistant State's Attorney described him to the foreman as a "birther lunatic." In short, we have found no case law that supports the appellant's contention in this regard, namely, that it is impermissible for a state's attorney to communicate to the grand jury his or her opinions of persons making allegations to that body.

action is decided for or against the plaintiff, there should be a declaration in the judgment or decree defining the rights of the parties under the issues made." *Case v. Comptroller,* 219 Md. 282, 288, 149 A.2d 6, 9 (1959). *See also, e.g., Christ v. Department, supra,* 335 Md. at 435-436, 644 A.2d at 38 ("[t]he court's rejection of the plaintiff's position on the merits furnishes no ground for" failure to file a declaratory judgment); *Broadwater v. State,* 303 Md. 461, 467, 494 A.2d 934, 937 (1985) ("the trial judge should have declared the rights of the parties even if such declaration might be contrary to the desires of the plaintiff"); *East v. Gilchrist,* 293 Md. 453, 461 n. 3, 445 A.2d 343, 347 n. 3 (1982) ("where a plaintiff seeks a declaratory judgment . . ., and the court's conclusion . . . is exactly opposite from the plaintiff's contention, nevertheless the court must, under the plaintiff's prayer for relief, issue a declaratory judgment"); *Shapiro v. County Comm.,* 219 Md. 298, 302-303, 149 A.2d 396, 399 (1959) ("even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree").

*Harford Mut. Ins. Co.*, 344 Md. at 414-15. Therefore, we hereby remand this case to the circuit court for re-entry of judgment. The re-entered judgment shall contain a written declaration of the appellant's rights with respect to the Grand Jury. This declaration shall be consistent with this opinion and the holding of *Brack*, and acknowledge specifically that a District Court Commissioner is today's equivalent of a "magistrate" for purposes of the exhaustion requirement we have been addressing in this section. *See State v. Smith*, 305 Md. 489, 501-02 (1986) ("[T]he legislature has bestowed upon commissioners of the District Court of Maryland the authority 'in general, [to] perform all the functions of committing magistrates as exercised by the justices of the peace prior to July 5, 1971.'" (quoting Md. Code, § 2-607(c)(2) of the Courts and Judicial Proceedings Article)).

## II. DENIAL OF MOTIONS FOR RECUSAL AND PRE-SERVICE DISCOVERY

### A. Parties' Contentions

The appellant argues that Judge Debelius abused his discretion in denying the motions for recusal and pre-service discovery. The appellant asserts that Judge Debelius was required to disqualify himself pursuant to Rule 2.11(a)(1) of the Maryland Code of Judicial Conduct ("CJC"), which states that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including . . . circumstances . . . [wherein t]he judge has . . . personal knowledge of facts that are in dispute in the proceeding." According to the appellant, Judge Debelius had impermissible knowledge of the case as a result of being "contacted by [the appellant] prior to filing suit as required by *Brack* . . . as a condition precedent to Sibley contacting the Foreman of the Grand Jury." Appellant's Br. at 5 (underline omitted).

In addition, the appellant contends the denial of pre-trial discovery was an abuse of discretion because "if Sibley could not identify the John Doe Defendant, that person could not be served and the instant matter would ultimately be dismissed for lack of prosecution." Appellant's Br. at 7.

The State's Attorney, on the other hand, argues Judge Debelius exercised his discretion properly in denying both of the motions presently at issue. In large part, we shall adopt the various arguments advanced by the State's Attorney in our analysis below.

### B. Standard of Review

We apply the abuse of discretion standard of review to both a trial judge's decision whether or not to recuse himself and the denial of discovery. *See Cicoria v. State*, 89 Md.

11

App. 403, 426-27, *aff'd*, 332 Md. 21 (1993) (citing *Boyd v. State*, 321 Md. 69, 74 (1990)) (recusal reviewed for abuse of discretion); *See also Bacon v. Arey*, 203 Md. App. 606, 671 (2012) ("We review the denial of discovery under the abuse of discretion standard[.]" (quoting *Beyond Sys., Inc. v. Realtime Gaming Holding Co., LLC*, 388 Md. 1, 28 (2005))). As we have indicated time and time again,

> [a]n abuse of discretion occurs "where no reasonable person would take the view adopted by the [trial] court[ ] . . . or when the court acts without reference to any guiding principles, and the ruling under consideration is clearly against the logic and effect of facts and inferences before the court [ ] . . . or when the ruling is violative of fact and logic."

*Bacon*, 203 Md. App. at 667 (quoting *Beyond Systems, Inc.,* 388 Md. at 28).

### C. Analysis

Neither the denial of the motion for recusal nor the denial of the motion for pre-service discovery constituted an abuse of discretion by the circuit court. We agree with the State's Attorney that "not only was there never a 'dispute' as to whether [the appellant] had contacted Judge Debelius, but 'personal' in the [CJC Rule 2.11(a)(1)] context only means knowledge from an 'extrajudicial source,' not knowledge 'acquired in a judicial setting.'" Appellee State's Attorney's Br. at 9 (quoting *Scott v. State*, 175 Md. App. 130, 152 (2007)). "Only bias, prejudice, or knowledge derived from an extrajudicial source is 'personal' [for purposes of recusal]." *Scott*, 175 Md. App. at 152. Therefore, because Judge Debelius acquired the knowledge at issue in a judicial setting, we hold that "a reasonable member of the public knowing all the circumstances would [not] be led to the conclusion that [his] impartiality might reasonably be questioned." *In re Turney*, 311 Md. 246, 253

(1987). Accordingly, he did not abuse his discretion where he denied the appellant's request for recusal.

We also agree with the State's Attorney regarding the issue of whether Judge Debelius abused his discretion in denying pre-service discovery. In the appellant's motion for pre-service discovery, he requested to that he be allowed to "[direct] interrogatories . . . to . . . [the] Assistant State's Attorney [to whom he had written] . . . to establish the identity of John Doe, Foreman, Montgomery County Grand Jury." However, the Assistant State's Attorney was never a party to the instant action, and Md. Rule 2-421 only permits interrogatories against parties.[6] "[T]he circuit court 'has the inherent power to control and supervise discovery as it sees fit.'" *Bacon*, 203 Md. App. at 673 (quoting *Gallagher Evelius & Jones, LLP v. Joppa Drive-Thru, Inc.*, 195 Md. App. 583, 596 (2010)). For these reasons, the circuit court properly denied the appellant pre-service discovery.

> **JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY VACATED AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY MONTGOMERY COUNTY.**

---

[6] The State's Attorney advanced this argument in its brief, but mistakenly cited to Md. Rule 2-412.